STAMBACH v. EMERSON et al. (WOODS, Intervener).*

L. A. No. 1070; July 26, 1902.

69 Pac. 856.

Estate of Decedent—Mortgage to Pay Pressing Demands.—
Where there are several claims against a solvent estate, some of which
are being pressed for immediate payment, and the property cannot be
sold at once without great sacrifice, the probate court has jurisdiction
to authorize a mortgage to pay off the pressing demands, the require-
ments of Code of Civil Procedure, sections 1643, 1645, that claims
be paid in a certain order, as therein specified, having application to
insolvent estates only.

Estate of Decedent.—In an Action to Foreclose a "Probate Mort-
gage," the order of the probate court authorizing the mortgage cannot
be questioned, where the court had jurisdiction to make such order.

APPEAL from Superior Court, Santa Barbara County;
W. S. Day, Judge.

Action by Ida V. Stambach against Frank N. Emerson, as
executor of the estate of William Calder, and others, defend-

*For subsequent opinion in bank, see 139 Cal. 282, 72 Pac. 991.

ants, and Theo. Woods, intervener. From a judgment for plaintiff the intervener appeals. Affirmed.

Paul R. Wright and Wm. G. Griffin (Henry P. Starbuck of counsel) for appellant; Richards & Carrier and Canfield & Starbuck for respondent.

PER CURIAM.—This action was brought by the plaintiff to foreclose a "probate mortgage" made by the defendant Frank N. Emerson, as executor of the estate of William Calder, deceased, and Agnes Lee Emerson, the sole devisee under the will of said decedent, made pursuant to an order of the superior court. The other defendants, except Agnes Lee Emerson, hold liens against the interest of the Emersons as successors to the estate. The plaintiff answered the complaint in intervention, a trial was had, and the court found the amounts severally due the plaintiff, the intervener, and the other defendants, and ordered a sale of the mortgaged premises, and that the proceeds be applied—First, to the satisfaction of the amount found due to the plaintiff; second, to the amount found due the intervener; and, third, to the payment of the subsequent lienors in the order and amounts named. The intervener alone appeals.

The said mortgage was executed October 2, 1896, to secure a note of that date to the plaintiff for $2,000, with interest at ten per cent, payable quarterly. Agnes Lee Emerson, the sole devisee of the deceased, joined in the execution of the note and mortgage. There were three parcels of land belonging to the estate: The first (the parcel here mortgaged) appraised at $4,000; the second, at $2,000; and the third, at $400—in all, $6,400. The liabilities of the estate to creditors were: To the intervener, Theo. Woods, $1,500, unsecured; to Richard Hails, $1,000, secured by mortgage, executed by deceased in his lifetime, on the second parcel; to First National Bank of Santa Barbara, $1,000, unsecured; and to the Santa Barbara Savings and Loan Bank, $1,000, secured by mortgage—amounting in all to $4,500, besides some interest. The petition was for leave to execute the mortgage here in question for the sum of $2,000, for the purpose of paying the said claims of said banks, alleging that it was to the best interest of the estate that said property should not be sold; that there was then little or no demand for real estate; that said

banks were urging payment; that to force a sale of any part of the real estate would be ruinous to the interests of the estate; that the note to Theo. Woods, the intervener, bore interest at nine per cent per annum; and further alleged that "the interest thereon was paid up to that time," and that the holder thereof "does not require its immediate payment." The complaint in intervention sets out a copy of said petition and order, admits that the money borrowed from the plaintiff was used in extinguishing the claim of said banks, and alleges that the executor afterward sold said second parcel for $2,300, and said third parcel for $500, and with the proceeds paid the mortgage claim of said Hails in full, and paid intervener upon her said claim $1,000, and the court found there was unpaid upon her said claim, with interest, $630, and that there was unpaid upon plaintiff's claim $2,559.71 and costs of suit.

Appellant's contention is that the court had no jurisdiction to make said order authorizing the executor to execute said note and mortgage, and that they be declared void and of no effect in so far as said mortgage affects her claim against said estate.

Appellant's attack upon the judgment here in question is collateral, and must therefore fail, unless the order under which the loan was made and the mortgage executed was absolutely void. Appellant's special ground of objection is that the petition upon which the order was based stated that the loan was desired for the purpose of paying two specified claims, one of which was secured by mortgage, the other unsecured, appellant's claim being also unsecured. The petition alleged, however, that the claim of each of the banks was being pressed for immediate payment, while appellant did "not require immediate payment." Here was a special allegation made in the petition, explanatory of the fact that the amount specified was all that the exigencies of the situation required or justified. No question is made as to the sufficiency of the service of notice of the petition upon appellant, nor is there any allegation that while the service was sufficient in law, that in fact she had no knowledge of its pendency; nor is there in her complaint in intervention any denial of the allegation that she did not require immediate payment, notwithstanding a copy of said petition containing said statement is set out in her complaint in intervention, and must therefore have been

called to her attention. It would therefore appear to be inequitable that she should now be heard to assert, as against the lender, that the purpose to which a part of the money was applied was unauthorized, though it was paid to creditors whose claims are not assailed, except upon the ground that they were not secured, the contention being that the money borrowed should have been for the purpose of paying all unsecured creditors ratably. Appellant's complaint in intervention, however, does not allege that at the time said order was made said estate was insolvent, or that it is now insolvent. At the time the order was made no part of the real estate had been disposed of. The aggregate appraised value thereof was $6,400, and the aggregate indebtedness $4,500. The parcel mortgaged to the plaintiff was appraised at $4,000, and the other two parcels at $2,400. The two parcels last named were afterward sold by the executor for $2,800, an excess over the appraised value of $400. Out of the proceeds of this sale the claim of Richard Hails for $1,000, and $1,000 upon the claim of the intervener were paid, leaving unsatisfied only the claim of the plaintiff, upon which there was found to be due $2,559.71, and upon the claim of the intervener $630.90, aggregating $3,190.61. These sums, with the costs of suit, represent the unpaid indebtedness of the estate. The claims of the other defendants, who are designated as "subsequent lienors," are liabilities of Emerson and wife, and not of the estate, and they do not appeal. It is neither alleged nor found that the estate is insolvent, nor even that the market value of the property has depreciated. No equity of any character has arisen in favor of the intervener which should influence the court in its construction of the statute under which plaintiff's mortgage was executed. The money borrowed from the plaintiff was immediately applied to the payment of admitted debts of the estate, and did not in any manner increase its liabilities, nor prevent the intervener from compelling a prompt settlement of the estate.

It is not contended by appellant that the court has not power, in a proper case, to make an order authorizing the executor to borrow money, and to execute a mortgage upon property of the estate to secure its payment, but that in the case at bar the petition was fatally defective in that the purpose was stated to be the payment of two specified claims, and not for the payment ratably of all claims belonging to a speci-

fied class, citing sections 1643 and 1645 of the Code of Civil Procedure. The first of these sections classifies the liabilities against estates, and the second provides: "If the estate is insufficient to pay all the debts of any one class, each creditor must be paid a dividend in proportion to his claim; and no creditor of any one class shall receive any payment until all those of the preceding class are fully paid." It is only in the case of insufficiency of assets to pay all the debts of any one class that dividends are required to be paid. Here there was neither allegation, evidence or finding that the estate was insufficient to pay all its debts in full. Upon no theory can appellant's contention be sustained other than utter want of jurisdiction to make the order authorizing the loan and the execution of the mortgage; for, if jurisdiction be conceded, error in making the order cannot avail the appellant upon this collateral attack, and even if it were permissible to attack the order upon that ground, it does not appear that appellant has suffered injury. The purpose of the statute is threefold: (1) For the protection of estates from unnecessary loss, while securing at the same time prompt payment of pressing creditors; (2) for the protection of the lender, who naturally relies upon the validity of the order of the court authorizing the loan; and (3) for the protection of titles against collateral attack. These considerations require that a liberal construction be given to the proceedings of the superior court, and that errors in the exercise of its jurisdiction in such cases, when committed, should be corrected by a direct proceeding for that purpose.

We think the petition in this case was in substantial compliance with the statute. The judgment is therefore affirmed.