No. 33,162

RALPH TWICHELL, *Appellee*, v. PARK HETZEL, JR., et al., *Defendants*, and THE CENTRAL MUTUAL INSURANCE COMPANY OF CHICAGO, *Appellant*.

No. 33,163

EUGENE V. TWICHELL, *Appellee*, v. PARK HETZEL, JR., et al., *Defendants*, and THE CENTRAL MUTUAL INSURANCE COMPANY OF CHICAGO, *Appellant*.

(64 P. 2d 557)

Opinion filed January 23, 1937.

*Hugh C. Larimer,* of Topeka, for the appellant.

*Elmer E. Martin,* of Kansas City, and *J. B. Wilson,* of Lawrence, for the appellees.

The opinion of the court was delivered by

HUTCHISON, J.: These two separate actions were for damages resulting from a collision of an automobile with a licensed truck on the state highway. One action was by the owner and driver of the automobile, and claimed damages for injuries to himself and also to the automobile, and the other was by a passenger in the same car who claimed damages for injuries to himself. Both cases referred to the same accident, alleging negligence of the driver as the cause of the accident, and both made the same parties defendants, viz., the owner of the licensed truck, the driver thereof and the insurance carrier.

The amended petition in each case set out portions of the insurance bond, and a copy of the endorsement addressed to the state corporation commission was attached to the insurance bond outlining in part its obligations under the bond to which it was attached. The insurance company demurred to the amended petition in each case for the reason that it failed to state a cause of action against this defendant and in favor of the plaintiff and for the further reason that the same is contrary to law and a misjoinder of causes of action. The trial court overruled both these demurrers, and from those rulings the insurance company has appealed in both cases.

The appellant claims that although the petition in each case set out all the allegations against all of the parties defendant in one cause of action, yet they in fact contain two separate and distinct causes of action, one in tort and the other on contract, urging that the only liability of the insurance carrier was under its contract, and questioning the right of the plaintiff to unite these causes of action in one suit mingled together in one cause of action, or even separated into two causes of action joined as such in one suit. Appellant cites in this connection R. S. 60-601, which is as follows:

"The plaintiff may unite several causes of action in the same petition, whether they be such as have been heretofore denominated legal or equitable, or both. But the causes of action so united must affect all the parties to the action, except in actions to enforce mortgages or other liens."

In the same connection appellant calls attention to the language of this section before the revision of the code in 1909, where the original section only permitted the uniting of several causes of action in the same petition provided they arose out of certain classes or groups of transactions or affairs. This provision or condition has been entirely eliminated in the amendment, and appellant cites three cases that were decided while the old law was in effect, namely, *Benson v. Battey,* 70 Kan. 288, 78 Pac. 844, *Chase v. Railway Co.,* 70 Kan. 546, 79 Pac. 153, and *Haskell County Bank v. Bank of Santa Fe,* 51 Kan. 39, 34 Pac. 405. The first one of those cited was where a cause of action against two of the defendants was joined in the petition with a cause of action at law to recover damages in tort against another defendant not affected by the first cause of action, and it was held that such causes of action could not be properly joined and that a demurrer for misjoinder should be sustained even if the allegations were blended and commingled in one statement. Similar views were expressed in the second case cited above, although there was no demurrer filed to the petition and one portion of it was held to be surplusage, the plaintiff having sued the railroad company for damages by reason of being ejected from one of its trains under one cause of action claiming the rights of a passenger, and further alleging that the company violated its contract of carriage when it sold the plaintiff a ticket. The third case above cited was where the petition included an action for recovery of damages against a number of defendants for a fraudulent conspiracy, and it was joined with an action to obtain a cancellation of a certificate of deposit held by one of the defendants. In the opinion it was specifically stated that both actions did not grow out of the same transaction, as required by the old statute, and that the statute required that the causes of action so united must all belong to one of those classes. Besides, in the first and last of these three cases all the defendants were not affected in both causes of action.

The case of *Dunn v. Jones,* 143 Kan. 218, 53 P. 2d 918, is cited and it contains valuable reasoning and discussion as to the liability of an insurance carrier for a motor truck. However, the demurrer of the insurance company to the petition because of misjoinder of causes of action was not discussed, it having been confessed by the plaintiff, but the relation of the insurance carrier to the owner of the motor truck is of great assistance in the matter for considera-

tion in this case. The following statements from the opinion are instructive and helpful:

"A liability insurance policy is one that indemnifies against the condition of being liable, and such a policy is to be distinguished from one which indemnifies against ultimate established loss, resulting from final enforcement of liability.

"There are insurance policies and insurance policies. The nature of a particular policy must be ascertained by interpretation of its provisions. The distinction between policies insuring against liability and policies insuring against loss is made clear, and some of the consequences of the distinction are discussed in the opinion in the case of *Blanton v. Cotton Mills Co.*, 103 Kan. 118 (1918), 172 Pac. 987. *Brandon v. St. Paul Mercury Indemnity Co.*, 132 Kan. 68 (1931), 294 Pac. 881, is a parallel case, in which the distinction between obligation for liability and obligation for loss was recognized. See, also, the article on Liability Insurance in 36 C. J. (1924) §§ 3, 4, 74, 75, 76.

"Besides specifying the kind of insurance, by a description having definite meaning in the law of this state, section 21 of the 1931 act indicates liability insurance. The purpose of the insurance is adequate protection to members of the public from negligent conduct of the motor-vehicle operator, not simply protection to the negligent operator against judgments rendered against him, and what the policy must assure is recoverable compensation to a member of the public for injury to person and loss of or injury to property.

"The legislature might have provided that no liability should attach to the insurer until judgment had been rendered against the motor carrier for damages resulting from his negligence. It did not do so. In the Blanton case the terms of a policy were considered, and it was held the policy was a liability policy. In this instance, the terms of the statute are considered." (p. 223.)

The opinion quotes from the Blanton case, above cited:

"These provisions show that the obligations of the contract rested upon the insurer from the time the accident occurred· down until the liability resulting from them was settled and discharged." (p. 223.)

The actions are brought under the provisions of R. S. 1933 Supp. 66-1,128, which provide in substance that no certificate or license shall be issued by the public service commission to any public motor carrier or contract motor carrier of property or passengers, or private motor carrier of property, until and after such applicant shall have filed with, and the same has been approved by, the public service commission, a liability insurance policy in such reasonable sum as the commission may deem necessary to adequately protect the interests of the public, which liability insurance shall bind the obligors thereunder to pay compensation for injuries to persons and loss of or damage to property resulting from the negligent operation of such carrier. The liability bond in these cases recognized and re-

ferred to the above statute and was definitely given in compliance therewith, as is indicated by the following introductory sentence in the bond, made a part of the petitions:

"The insurance provided by this policy is extended to conform with the provisions of the motor vehicle financial responsibility law of the state or province in which the automobile described in the schedule is registered at the time of the accident and/or in which the said described automobile is operated at the time of the accident."

In the Dunn case, *supra,* frequent reference is made with approval to the decision rendered in the case of *Farmer v. Rutherford,* 136 Kan. 298, 15 P. 2d 474, where it was held:

"Where a surety executes an official bond by virtue of which the official assumes the duties of his office, in the absence of a clear intent to the contrary it will be presumed that the surety intended to include in such bond the statutory conditions, and such conditions will be read into the bond.

"Where a sheriff assaults and beats a prisoner in his charge, he violates his official duty, and his bondsmen are liable in damages." (Syl. ¶¶ 1, 2.)

Appellant also cites the case of *Alpin v. Smith,* 197 Ia. 388, 197 N. W. 316, where it was held that—

"An action against a wrongdoer upon a tort, and an action against a surety company on its contract to indemnify the wrongdoer from loss because of such tort, may not be joined." (Syl.)

It will be observed that the court in this case referred to the contract as being one to indemnify the wrongdoer from loss because of such tort and the opinion refers to the bond as an indemnity bond where the following language was used:

"The insurer's liability was assumed for the protection of the insured and to indemnify him against such loss or damage as might subsequently result from the operation of his motor bus." (p. 392.)

The distinction between an indemnity bond for the protection of the wrongdoer and a liability bond for the protection of the general public or the injured party was completely and thoroughly made in the Dunn case, and the decision was there reached that under the statute of Kansas the bond required for a motor carrier was a liability bond and not an indemnity bond, so we cannot accept the conclusion as to misjoinder in the Alpin case as helpful when the court was considering only an indemnity bond and not a liability bond such as we are here considering.

A new statute was enacted in the state of Iowa in the year 1923 requiring liability insurance, and a subsequent amendment of it was

under consideration in the case of *Curtis v. Michaelson*, 206 Ia. 111, 219 N. W. 49, where it was held that a party injured in person or property by the operation of a motor-vehicle carrier may bring his action directly against the carrier and the statutory surety on the bond.

A case very similar to those at bar and under similar statutes to those in Kansas was the case of *Jacobsen v. Howard*, 164 Okla. 88, 23 P. 2d 185, where it was said in the opinion: .

"There is but one cause of action stated in the petition, that is, the injury to the person of the plaintiff and the failure of the motor carrier to make compensation to the plaintiff for those injuries. . . . Under the statute the liability insurance bond maker is liable for the injuries resulting from the operation of the motor carrier, not by reason of its bond, but by reason of the statute, after it has filed its bond." (p. 90.)

We conclude, in harmony with the distinction so well expressed in the Dunn case, that the bond required of a licensed motor carrier in this state by R. S. 1933 Supp. 66-1,128 is a liability insurance rather than an indemnifying bond and that the action of a party to recover for injuries to his person or property, caused by the negligent operation of a public motor carrier, may be brought directly against the carrier and the statutory surety because of its liability insurance. Both under the statute are liable, although not necessarily to the same extent or amount. It is an action in tort against both parties and there is no misjoinder of causes of action.

Appellant sets out a second specification of error in overruling the demurrer to the petition of Ralph Twichell because the petition relies upon R. S. 1933 Supp. 66-1,102 instead of R. S. 1933 Supp. 66-1,128, the former having been revised and amended. We do not think this position is well taken, because the petition and its exhibits plainly show that the action is brought under the revised or amended section above mentioned, and that the reference to section 1,102 instead of 1,128 was simply a mistake that could easily be corrected to be in harmony with the other allegations of the petition.

The judgment is affirmed.