No. 35,738

FRANK HUDSON, *Appellant*, v. J. E. KETCHUM, doing business as THE J. E. KETCHUM OIL COMPANY, and EDDIE MARKHAM, *Appellees*.

(133 P. 2d 171)

Opinion filed January 23, 1943.

*Douglas Hudson*, of Fort Scott, argued the cause, and *Howard Hudson*, of Fort Scott, *Ray S. Pierson* and *William A. Buckles*, both of Burlington, were on the briefs for the appellant.

*Joe F. Balch* and *George W. Donaldson*, both of Chanute, argued the cause for the appellees.

The opinion of the court was delivered by

DAWSON, C. J.: This is an action for damages growing out of a collision of motor vehicles on U. S. Highway No. 50 S near Waverly in Coffey county.

On the morning of July 3, 1939, plaintiff was driving eastward on that highway in his Chevrolet car. About two miles northwest of Waverly, his car was struck by a westbound transport truck owned by one R. R. Hoddy, which had been loaned to one J. E. Ketchum and was being driven by Ketchum's employee, Eddie Markham. The carrier's license to operate the truck was in the name of Ketchum. Hoddy carried the requisite statutory insurance covering the lawful operation of the transport truck, which had been issued by the Industrial Mutual Liability Insurance Company.

On March 23, 1940, an action was begun in the district court of Sedgwick county, entitled *"State of Kansas, ex rel. Jay S. Parker, Attorney General, v. The Industrial Mutual Liability Insurance Company,"* in which a receiver was appointed for said company, presumably on account of its insolvency.

On June 21, 1940, plaintiff herein filed in that receivership action his verified claim for $5,000 for injuries sustained in the highway collision, that sum being the maximum liability of the insurance company under its policy as statutory insurer for Hoddy as owner and Ketchum as operator of the transport.

On August 15, 1940, plaintiff's claim was allowed in the sum of $750 as a common claim and was disallowed as to the balance of his demand. It is stipulated that plaintiff's claim was one of twenty-three demands by various other claimants likewise allowed against .the insolvent corporation in the Sedgwick county district court.

In plaintiff's present action for damages the usual allegations of due care on plaintiff's part and the usual allegations of negligence and wrongdoing on the part of defendants are alleged, and judgment in the sum of $25,000 is prayed for.

The answers of defendants make certain admissions and denials, and then plead specifically the facts of the receivership action; of the allowance of plaintiff's claim against the insurance carrier in the sum of $750; that three dividend checks had been issued by the receiver in favor of plaintiff in the sums of $67.50, $67.50, and $22,50; and—

"That plaintiff did not and has not appealed from the order of allowance of his claim as hereinbefore alleged; that the negligence and acts for which

recovery was had in the action hereinbefore alleged are the acts and negligence complained of in plaintiff's first amended petition filed herein; and that by reason of the foregoing allegations, plaintiff cannot now maintain the instant action."

Plaintiff's reply admitted the presentation of his $5,000 claim in the receivership suit and its allowance in the sum of $750 as a common claim, but denies that he had received any dividends or payments from the receiver or otherwise in that suit.

The defendants Ketchum and Eddie Markham filed separate demurrers to plaintiff's reply "for the reason that said reply shows on its face that plaintiff does not have a cause of action against this defendant."

These demurrers were sustained. Hence this appeal.

It was the view of the trial court, as it is of the appellees here, that the proceedings in the receivership action in Sedgwick county were and are a bar to the present action against Ketchum and Markham.

The statutory insurance policy issued by the insurance company now in receivership covered the operation of the truck not only by Hoddy as owner but also by any other person. (G. S. 1935, 66-1,128; *Dunn v. Jones,* 143 Kan. 218, 53 P. 2d 918.) In this action the liability of Ketchum and Markham sounds in tort; that of the insurance company in contract. Ordinarily a single action against tort-feasors and a contract obligor would be subject to an objection for misjoinder under the civil code. (G. S. 1935, 60-705, and see discussions in *Burks v. Aldridge,* 154 Kan. 731, 733, 734, 121 P. 2d 276; and in *Schoonover v. Clark,* 155 Kan. 835, 837, 130 P. 2d 619.) But that there is an exception to the rule against misjoinder of causes of action in these all-too-common highway-collision cases, first announced in *Dunn v. Jones,* supra, is the settled rule in this jurisdiction. Shortly stated, that special rule is that a licensed carrier as wrongdoer and his statutory insurer as contract obligor may be sued in one action and that the ordinary rule of the civil code against misjoinder does not apply. It is also settled that where the insurance company's contract obligation is given for the purpose of protecting the public within the purview of G. S. 1935, 66-1,128, it may be sued independently without impleading the licensed carrier for whom it had furnished the insurance. (*Meyer Sanitary Milk Co. v. Casualty Reciprocal Exchange,* 145 Kan. 501, 66 P. 2d 619; *Farmer v. Central Mut. Ins. Co.,* 145 Kan. 951, 67 P. 2d 511; *State*

*Highway Comm. v. American Mut. Liability Ins. Co.,* 146 Kan. 187, 191, 70 P. 2d 20.)

But nowhere has it been said by this court that the insured tortfeasor and the contract insurance carrier must be sued together; nor have we said that an adjudication in a separate action against the one would bar a separate action against the other. It is of course true that an adjudication adverse to the plaintiff in a separate action against the insured wrongdoer would preclude an action against the insurer, not because of any mere procedural difficulties but because the result in plaintiff's suit against the insured would be a judicial determination in favor of the alleged wrongdoer; consequently no liability for the insurer to pay.

Reasoning thus, we should say that on principle the ruling of the trial court which appellees seek to uphold seems untenable. But counsel for appellees cite authorities in which, they argue, an opposite conclusion was reached. We have examined these authorities and do not find them so. In *Brobston v. Darby Borough,* 290 Pa. 331, 138 Atl. 849, 54 A. L. R. 1285, cited by appellees, we can discern no helpful analogy between it and the simple case now before us. In *Ellis v. Crowl,* 46 Kan. 100, 26 Pac. 454, also cited by appellees, a writ of attachment had been delivered to the sheriff, Crowl, to attach the property of one Coverdale. The sheriff attached a stock of merchandise belonging to Ellis and Osborn instead. They brought replevin against the sheriff for the return of the property, for damages, and for costs. They prevailed and that judgment was satisfied. Afterwards an action was brought against the sheriff and his bondsmen to recover for the wrongful taking, but this court held, quite logically, that since they had obtained judgment in the replevin suit for the very substance of the matters they sought to relitigate against the sheriff and his bondsmen, and that prior judgment had been satisfied, the matter of damages was *res judicata.* We fail to see how the rule of law there applied would preclude the present action against Ketchum and Markham.

Appellees also cite *Conold v. Stern,* 138 Ohio St. 352, 35 N. E. 2d 133, 137 A. L. R. 1003. We cannot take space to discuss this case, which runs through twenty-four pages of the Ohio reports, but the third section of the syllabus states the substance of the action and clearly distinguishes it from the one now before us. It reads: .

"3. When an injured party recovers a final judgment against a person insured under an indemnity insurance policy for injuries caused by such insured,

but fails to recover a judgment against the insurer in a supplemental action in which the insured and insurer are parties defendant under section 9510-4, General Code, on the sole ground that the insurance policy was void because of the failure of the insured to coöperate with the insurer in the defense of the action of the injured party against the insured, such adjudication in favor of the insurer is determinative of the result in its favor in another action brought against it under section 9510-4, General Code, by another plaintiff who was injured by the insured at the same time and in the same occurrence as the plaintiff first mentioned, and in which latter action the same insured and insurer are again adverse parties on the controlling issue as to whether the insurance policy was valid and in force as between the insurer and insured." (Syl. ¶ 3.)

Another interesting case cited by appellees is *McNamara v. Chapman*, 81 N. H. 169, 123 Atl. 229, 31 A. L. R. 188. It was an action on the case to recover damages caused by defendant's negligent operation of an automobile. Defendant pleaded specially that the negligence complained of was that charged in a former suit by McNamara, plaintiff, against the defendant's employer, in which case plaintiff had recovered judgment. This plea was rejected, subject to exception. On appeal that ruling was reversed. The headnote reads:

"To an action against a servant by one injured through his sole negligence, a judgment in favor of the plaintiff against the master, with satisfaction or payment thereof duly tendered, is a bar."

We think this cited case no more helpful than those already noted.

Appellees also quote excerpts from Freeman on Judgments and Clark on Receivers, which we have carefully read, but we discern nothing therein which would support the rule now contended for by appellees. Here, so far as the pleadings are concerned, plaintiff states a case on paper for $25,000 in damages against Ketchum and Markham. Their insurance carrier was never obligated to respond for their alleged delinquency beyond the maximum sum of $5,000 stated in its insurance policy. It was quite proper and timely for plaintiff to file his claim in the receivership action, to the end that he may recover something out of its fragmentary assets to apply on its liability for whatever judgment he may eventually recover against Ketchum and Markham. To have delayed filing such claim until after judgment can be obtained in his common-law action for negligence against Ketchum and Markham, would probably be too late to be of any avail against the insolvent insurance corporation. In a receivership against an insolvent corporation there is usually

a short time limit for the filing of claims, and sound judicial policy requires that a receivership action be promptly wound up. Whatever plaintiff may collect on his claim in the receivership suit should be credited on any judgment he may recover against Ketchum and Markham. (*Jacobsen v. Woerner*, 149 Kan. 598, 603, 89 P. 2d 24; *Carlisle v. Woerner*, 149 Kan. 604, 89 P. 2d 29.)

Counsel for appellees do not argue that Ketchum and Markham, the alleged wrongdoers in the collision accident, should have been or could have been impleaded in the presentation of plaintiff's claim in the receivership suit. (*McCarthy v. McKenna*, 141 Kan. 267, 272, 39 P. 2d 401.) There is therefore neither logic nor justice in their contention that the partial allowance of plaintiff's claim against the insolvent insurance carrier is a complete bar to the present action. The final decree in the insolvency action will extinguish all claims against that corporation, but such decree will have no effect on the status of third parties with relation to whom it had theretofore been jointly or severally, primarily or secondarily, liable.

This court holds that the partial allowance of plaintiff's claim against the insurance corporation predicated on the statutory liability it had undertaken in conformity with G. S. 1935, 66-1,128, is no bar to plaintiff's action against the defendants for their alleged negligent operation of the transport truck whereby the plaintiff sustained damages.

The judgment is reversed and the cause remanded with instructions to set aside the ruling on defendants' demurrer to plaintiff's reply and to proceed with the trial.

WEDELL, J., not sitting.

PARKER, J., not participating.