No. 37,540

Bertie Brown Fitzgerald, *Appellee,* v. Frank A. Thompson, Trustee, The St. Louis-San Francisco Railway Company, and Boyd Messer, doing business as the Boyd Messer Transfer of Fulton, *Appellees,* and National Mutual Casualty Company, *Appellant.*

(204 P. 2d 756)

Opinion filed April 9, 1949.

*Howard Hudson,* of Fort Scott, argued the cause, and *Douglas Hudson* and *Douglas G. Hudson,* both of Fort Scott, were with him on the briefs for the appellant.

*Leonard O. Thomas,* of Kansas City, argued the cause, and *Arthur J. Stanley, Arthur J. Stanley, Jr., J. E. Schroeder* and *Lee E. Weeks,* all of Kansas City, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Harvey, C. J.: This was an action for damages for personal injuries alleged to have resulted from the negligence of the defendants. In the amended petition plaintiff's residence is stated and it is alleged that Frank A. Thompson, as trustee of the St.Louis-San Francisco Railway Company, operates a railroad as a common carrier within the state of Kansas; that the National Mutual Casualty Company is an insurance corporation organized under the laws of Oklahoma and authorized to do business in Kansas, and that the defendant, Boyd Messer, is an individual doing business as the Boyd Messer Transfer of Fulton, Kan., and as a part of his business owns and operates a fleet of transport trucks hauling gasoline and other products over the highways of this state pursuant to a permit issued according to law by the state corporation commission; that on April 23, 1947, plaintiff boarded a train, known as the

Florida Special, of the defendant railway company to travel to Kansas City, and while plaintiff was riding upon the train as a passenger for hire and the train was being operated by the defendant railway company through the town of Fulton, Kan., the train was caused to collide with a gasoline transport truck then and there being operated on the highway by the defendant Messer, his agents, servants or employees, and pursuant to his permit; that the collision was caused or contributed to by the failure of the railway company, its agents, servants or employees to exercise the highest degree of care for the protection of its passengers, including plaintiff, in the following respects: That the train was caused to be operated through the town of Fulton at a high and dangerous rate of speed, to wit, about seventy miles per hour, without signal prior to the approach to the highway crossing within Fulton and was caused to suddenly stop, all without the exercise of the highest degree of care for the protection of passengers who were riding upon the train, and that by the exercise of the highest degree of care the collision and sudden stop could have been avoided; that the collision was caused or contributed to by the negligence or careless operation of the transport truck then and there operated by the defendant Messer by and through his agents, servants and employees, in the following respects: (a) That the transport was operated over and across the railway crossing at the time when the Florida Special was approaching so closely thereto as to constitute an immediate hazard; (b) that the operator of the transport truck failed to stop immediately before entering upon the railway crossing; and (c) failed to look, or listen, or observe the approach of the Florida Special, or yield the right of way to it.

It was further alleged that pursuant to the laws of this state the National Mutual Casualty Company had issued and filed with the state corporation commission its public liability policy, and that by the terms and conditions of the policy and the provisions of our statute this defendant thereby agreed to be and became liable for the negligent or careless operation of the transport truck previously described. Appropriate exhibits were attached to the petition.

It was further alleged that as a result of the collision plaintiff was thrown violently from her berth and sustained injuries in a stated amount, for which judgment was sought.

The defendant, National Mutual Casualty Company, filed a demurrer to the petition upon the ground that several causes of action

were improperly joined, in that the cause of action against the railway company and its trustee rests upon common-law liability of alleged negligence of a carrier to a passenger, and negligence in the operation of the train at an excessive speed and in suddenly stopping the train, while the alleged cause of action against the demurring defendant rests in contract and statutory liability based upon contract as the insurance carrier of the defendant Messer and the law pleaded and the policy pleaded in the petition. This demurrer was overruled and the insurance carrier appealed.

Counsel for appellant concede that the trustee of the railway company and Messer may properly be joined as defendants in plaintiff's action for damages. When a passenger on a railroad train is injured by a collision of the train and a vehicle at a railroad crossing, and it is alleged that each of the parties caused or contributed to the injury it is well settled that the injured person may sue both as joint tort-feasors notwithstanding the fact of the higher degree of care required of the railroad company.

In 45 C. J. 1055 the rule is thus stated:

"Where the injury is the result of the concurring negligence of two or more parties, plaintiff at his election may sue such parties either severally or jointly. [Citing *Wholesale Grocery Co. v. Kansas City, et al.*, 115 Kan. 589, 224 Pac. 47, and other cases.] All may be sued jointly notwithstanding different degrees of care may be owed by the different defendants. . . ."

Citing *Sternfels v. Metropolitan St. Ry. Co.*, 77 N. Y. S. 309; Aff. 174 N. Y. 512, 66 N. E. 1117; *Gooch v. Georgia Marble Company*, 151 Ga. 462, 107 S. E. 47; *Matthews v. D., L. & W. R. R. Co.*, 56 N. J. L. 34, 27 Atl. 919; *Railway Co. v. Durand*, 65 Kan. 380, 69 Pac. 856; *Morgan v. Hines*, 260 F. 585. Also, see *Arnst v. Estes and Harper*, 136 Me. 272, 8 Atl. 2d 201.

In 39 Am. Jur. 911, it is said:

"Tort-feasors may be joined as parties defendant notwithstanding there may exist a difference in the degree of liability or the quantum of evidence necessary to establish such liability." (Citing *Carlton v. Boudar*, 118 Va. 251, 88 S. E. 174; 4 A. L. R. 1480.)

Counsel for appellant concede that the defendant Messer and his insurer might be joined in a suit brought by the plaintiff.

Our statute (G. S. 1935, 66-1,128) provides that no certificate or license shall be issued by the public service commission to any public or contract motor carrier of property or passengers, or private motor carrier, until and after an applicant therefor shall have filed

with and the same has been appoved by the public service commission, a liability insurance policy, "which liability insurance shall bind the obligors thereunder to pay compensation for injuries to persons and loss of or damage to property resulting from the negligent operation of such carrier."

In *Dunn v. Jones,* 143 Kan. 218, 53 P. 2d 918, it was held that such policy when given indemnifies against "the condition of being liable," and that such obligation "rests on the insurer from the time of accident resulting in injury" and "the obligation may be enforced by action brought directly against the insurer by the person sustaining injury."

In *Twichell v. Hetzel,* 145 Kan. 139, 64 P. 2d 557, it was held:

". . . An action by a party to recover for injuries to his person or property caused by the negligent operation of a public motor carrier may be brought directly against both the negligent motor carrier and the statutory surety. Such an action is one in tort and its necessary allegations do not constitute a misjoinder of causes of action, nor are they out of harmony with the provisions of R. S. 60-601." (Syl.)

In *Henderson v. National Mutual Cas. Co.,* 164 Kan. 109, 111, 118, 187 P. 2d 508, it was held that when the insured stated the cause of action against a licensed trucker, who was insured, he also stated a cause of action against the insurer.

Our other decisions are to the same effect.

(*State Highway Comm. v. American Mut. Liability Ins. Co.,* 146 Kan. 187, 70 P. 2d 20; *Marshall v. Home Mutual Ins. Co.,* 154 Kan. 488, 119 P. 2d 529; *Schoonover v. Clark,* 155 Kan. 835, 130 P. 2d 619; *Hudson v. Ketchum,* 156 Kan. 332, 133 P. 2d 171; *Lang v. Underwriters at Lloyd's,* 157 Kan. 314, 139 P. 2d 414; *Waugh v. Kansas City Public Service Co.,* 157 Kan. 690, 143 P. 2d 788; *Graves v. National Mutual Cas. Co.,* 164 Kan. 267, 188 P. 2d 945.)

The federal cases dealing with the question are in harmony with our decisions:

*Commercial Standard Ins. Co. v. Foster,* 31 F. Supp. 873; *Boyles v. Farmers Mut. Hail Ins. Co.,* 78 F. Supp. 706; *Travelers Mut. Casualty Co. v. Herman,* 116 F. 2d 151; *Flowers v. Fidelity & Casualty Co.,* 156 F. 2d 586.

The rule deducible from the above authorities is that the liability assumed by the insurer is neither a contract liability nor a statutory liability. It is a tort liability—the liability in tort which the insured has "from the negligent operation" of his business under

the permit. The fact that this tort liability is determined by the statute and by the insurance policy does not keep it from being a tort liability.

If the petition states a cause of action in tort against the permit holder and alleges the filing and approval of the liability policy it states a cause of action against the insurer. This is the basis for the holdings of the court that one who sustains injury in his person or property by the negligent operation under the permit of the permit holder may sue both the permit holder and the insurer, or either one of them, and the action is in tort, not in contract.

Earlier herein the authorities were set out establishing the rule, conceded by appellant, that a passenger on the railway who sustains injury by the negligence of the railway company in a collision with a vehicle at a railway crossing may join the railway company and the alleged negligent vehicle operator to recover damages resulting from their combined negligence. Such an action is a common-law action for damages for tort against joint tort-feasors. We think it necessarily follows that plaintiff may also join any other party who is liable for the tort, such as the insurer of the operator of the vehicle involved who has answered the tort liability of one of the other parties.

We have examined the authorities cited by appellant and find they do not require or authorize a different conclusion. 21 C. J. 408, treats of multifariousness in a bill in equity.

In *Crummer v. Wilson,* 119 Kan. 68, 237 Pac. 1035, plaintiff sued an official and his bondsmen, asserting a liability against the official for acts done by virtue of his office, and also for acts done by him individually, for which the officer's surety had no liability.

In *Rakestraw v. State Highway Comm.,* 143 Kan. 87, 53 P. 2d 482, plaintiff sued the state highway commission, which had only a statutory liability, if any, and also a firm of contractors, whose liability, if any, was clearly in tort.

In *Hoye v. Raymond,* 25 Kan. 665, plaintiff sued a constable and the sureties on his bond, the liability of the sureties being only in contract, and a deputy constable, whose liability was only in tort.

In *Osborne v. Kington,* 148 Kan. 314, 80 P. 2d 1063, the action was filed against an executor and others to set aside a will, and also to set aside a deed previously executed by the testator, a matter with which the executor had nothing to do.

In *Burks v. Aldridge,* 154 Kan. 731, 121 P. 2d 276, plaintiff brought the action for personal injuries founded upon the alleged negligence of a contractor engaged in constructing a highway under a contract with the state highway commission, and made the contractor's insurer a party-defendant. The insurer's contract was analyzed and the court held that the insurer had no direct liability prior to judgment and for that reason distinguished the case from *Dunn v. Jones,* supra.

In *Hudson v. Ketchum,* 156 Kan. 332, 133 P. 2d 171, plaintiff sued an insured operator of a licensed transport truck for injuries alleged to have been sustained by the negligent operation of the truck. The insurer had been placed in receivership in an action by the state on the relation of the attorney general and plaintiff had filed with the receiver a claim for the full amount of the liability of the insurer, which claim had been allowed in part and dividends had been declared by the receiver, which plaintiff had declined to accept. It was contended that the filing of a claim with the receiver barred plaintiff's action against the operator of the truck. The court held plaintiff was not barred for that reason, and in the opinion used some language at variance with the decision of this court in numerous former cases hereinbefore cited. This language was unfortunate rather than controlling, and is disapproved, since no attempt was made to reëxamine the matter fundamentally, or to overrule or modify cases hereinbefore cited establishing the rule and the liability assumed by the insurer is the tort liability of the insured.

Counsel for appellant in their brief inquire how the judgment would be apportioned among defendants in the event of a verdict for plaintiff. The question is premature and we shall do no more than to say, normally, the jury has no authority to apportion a verdict against joint tort-feasors. (*Hall v. Kansas City,* 112 Kan. 752, 212 Pac. 875.) If the insurer's maximum liability is $5,000, as stated by counsel for appellant, no more could be collected from it.

From the above it follows that the judgment of the trial court overruling appellant's demurrer should be affirmed. It is so ordered.

WEDELL and PARKER, JJ., dissenting.