No. 40,765

LELA STREEBIN, *Appellant,* v. CAPITOL TRUCK LINES, INC., a Corporation, and THE STATE AUTOMOBILE INSURANCE ASSOCIATION, an Insurance Corporation, and ROBERT LEE ARMSTRONG, *Appellees.*

(322 P. 2d 776)

Opinion filed March 8, 1958.

*Richard C. Byrd,* of Ottawa, argued the cause, and *Robert A. Anderson,* of Ottawa, *Arthur J. Stanley, Jr., Lee E. Weeks, Leonard O. Thomas, J. D. Lysaught, Robert H. Bingham, Richard Millsap,* and *Ervin G. Johnston,* all of Kansas City, were with him on the briefs for the appellant.

*Willard L. Phillips,* of Kansas City, argued the cause, and *Thomas M. Van Cleave, P. B. McAnany, Thomas M. Van Cleave, Jr.,* and *James J. Lysaught,* all of Kansas City, were with him on the briefs for the appellees.

The opinion of the court was delivered by

PARKER, C. J.: In this case the trial court sustained a motion to strike an insurance policy, which had been attached to and made a part of such pleading, from the plaintiff's petition. The appeal is from that ruling.

The facts giving rise to this lawsuit and others essential to a proper disposition of the question raised on appeal are set forth in the following quoted and summarized allegations of the petition.

"Plaintiff is a resident of Franklin County in the State of Kansas; the defendant, Capitol Truck Lines, Inc., is a corporation organized according and pursuant to the law of the State of Kansas in the business of transporting property pursuant to permits issued by the State Corporation Commission of the State of Kansas; the defendant, The State Automobile Insurance Association of Des Moines, Iowa, is an insurance corporation authorized to transact business within the State of Kansas; the defendant, Robert Lee Armstrong, is a resident of the City of Ottawa, Kansas.

"On the 23rd day of February, 1956, plaintiff, at approximately the hour of 10:00 o'clock P. M., was riding in a 1956 Studebaker automobile being driven by Ralph Robertson in a Northerly direction on U. S. Highway 50 South approximately three-fourths of a mile North of the city limits of Ottawa, Kansas. At said time and place, Roger Williams, for and on behalf of the defendant, Capitol Truck Lines, Inc., was driving a 1950 International 2½ ton tractor pulling an Over the Road trailer in a Northerly direction. The said tractor and trailer, being driven by Roger Williams, was and had been following the automobile in which the plaintiff was riding at a distance of several hundred feet. At said time and place, the defendant, Robert Lee Armstrong, was

operating a 1955 Ford sedan in a Southerly direction upon U. S. Highway 50 South. The road was wet, the night was dark and a light rain was falling.

"As the Studebaker in which the plaintiff was riding, going North, was about to pass the Ford, going South, the Ford suddenly and without warning moved from the West lane of the said highway, upon which it had theretofore traveled, to the East lane of said highway upon which the said Studebaker was traveling, and directly in the path of the Studebaker. As a result thereof, a collision occurred between the Studebaker and the Ford, and the Studebaker came to a stop on the highway.

"After the collision of the Studebaker and Ford, and after the interval of a few seconds, and before the plaintiff could alight from the Studebaker, the 2½-ton International Tractor and Over the Road trailer crashed into the rear of the Studebaker and as a result of said collisions, the plaintiff suffered painful, permanent and lasting injuries as hereinafter set forth.

"At said time and place of the collision, Roger Williams was an agent, servant and employee of the defendant, Capitol Truck Lines, Inc., and was then engaged in the course of his duties for and on behalf of the defendant, Capitol Truck Lines, Inc.

"Prior to the 23rd day of February, 1956, the defendant, Capitol Truck Lines, Inc., had applied to, and received from, the State Corporation Commission of the State of Kansas, a certificate as a carrier entitling it to transport goods over routes and highways as designated in the State of Kansas, including routes in Franklin and Wyandotte Counties, Kansas. At the time of the said collision hereinabove described, Capitol Truck Lines, Inc., by and through its agent, servant employee, Roger Williams, was engaged in operation pursuant to and in accordance with the permit and certificate so issued by the State Corporation Commission of the State of Kansas.

"That in accordance with the law of the State of Kansas, the rules and regulations of the State Corporation Commission, the defendant, The State Automobile Insurance Association, issued to the Capitol Truck Lines, Inc., its policy of insurance, copy of which is attached hereto and marked 'Exhibit A' and hereby made a part hereof. Said policy of insurance was in full force and effect on the date and at the time of the collision hereinabove described, and the defendant, The State Automobile Insurance Association, is obligated by the terms of said policy of insurance, the statutes of the State of Kansas, the rules of the Corporation Commission and the rider attached to said policy, to the plaintiff for such sums, within the coverage afforded by the policy, as the plaintiff may be entitled to recover as the result of the negligence and carelessness of Roger Williams, his employer, the defendant, Capitol Truck Lines, Inc. Said policy is the policy referred to in a certificate filed with the State Corporation Commission of the State of Kansas, which certificate is attached hereto, marked Exhibit B and hereby made a part hereof."

Further allegations of the petition are of little consequence to the appellate issues involved and all that need be said regarding them is that they describe in detail the acts of negligence on the part of defendants relied on by plaintiff for recovery; the injuries and damages

sustained by her as a result of the collision; and a prayer for judgment against each and all defendants for the amount of damages so claimed.

The only question raised by appellant's sole specification of error is that the trial court erred in sustaining appellees' motion to strike and in striking the insurance policy (Exhibit "A") from her petition. However, appellees raise a question which must be disposed of before that issue can be given consideration. It is that the ruling of which appellant complains is not an appealable order, hence it is not reviewable. We therefore turn directly to that question, mindful, as we do so, the universal rule of this jurisdiction is that rulings on motions to strike, regardless whether such motions have been sustained or overruled, rest in the sound discretion of the trial court and are not appealable unless they affect a substantial right and in effect determine the action. See *Meek v. Ames*, 175 Kan. 564, 266 P. 2d 270, and cases there cited. See, also, Hatcher's Kansas Digest [Rev. Ed.], Appeal & Error, § 20; West's Kansas Digest, Appeal & Error, §§ 78 [3], 93.

For what is perhaps our last pronouncement on the subject see *Sherk, Administratrix v. Sherk*, 181 Kan. 297, 310 P. 2d 899, where, after supporting the principles announced in the opinion (pp. 299, 300) with numerous decisions, it is held:

"The established rule in this jurisdiction is that motions to quash, dismiss, strike and make definite and certain rest in the sound discretion of the trial court, and orders overruling such motions are not appealable under G. S. 1949, 60-3302 and 60-3303 unless they are final, affect a substantial right, or, in effect, determine the action.

"Although the parties have not raised the question this court may and has the duty to raise and determine its jurisdiction to hear an appeal." (Syl. ¶¶ 2, 3.)

We believe the answer to all arguments advanced by appellant in support of her position the ruling of the trial court in striking the involved insurance policy from her petition resulted in depriving her of rights so substantial as to make such ruling an appealable order, notwithstanding the established rules to which we have heretofore referred, is to be found in our own decisions.

See *Graves v. National Mutual Cas. Co.*, 164 Kan. 267, 188 P. 2d 945, involving an action somewhat similar to the one here involved, where it is held:

"The petition in an action for personal injuries against the operator of a truck line, the driver of a truck and the company in which the operator had a

public liability insurance policy, pursuant to the provisions of G. S. 1935, 66-1,128, after pleading the circumstances of the collision, alleged that the operator had a public liability policy in the defendant insurance company, pursuant to the above statute—*held*, the petition stated a cause of action against the insurance carrier and it was not necessary that it have a copy of the insurance policy attached or set out its terms more fully." (Syl. ¶ 1.)

Of a certainty, resort to our more recent decisions leads to the inescapable conclusion that in actions of the character involved in the case from which we have just quoted, as well as the case at bar, a trial court's action in striking a liability insurance policy from a petition does not affect a substantial right or in effect determine the action. See *Lamb v. Hartford Accident & Indemnity Co.*, 180 Kan. 157, 300 P. 2d 387, where it is held:

"Under our statute (G. S. 1949, 66-1,128) the liability of an insurer who gives a liability insurance policy to enable a public or contract carrier of property or passengers to obtain a certificate or license as such, is a tort liability for the negligent operation of such carrier, and if the petition states a cause of action in tort against the permit holder and alleges the filing and approval of the liability policy pursuant to the statute, it states a cause of action against the insurer." (Syl. ¶ 2.)

See, also, *Fitzgerald v. Thompson*, 167 Kan. 87, 204 P. 2d 756, which holds:

"Under our statute (G. S. 1935, 66-1,128) the liability of an insurer who gives a liability insurance policy to enable a public or contract carrier of property or passengers to obtain a certificate or license as such, is a tort liability for the negligent operation of such carrier." (Syl. 2.)

and where it is said:

"The rule deducible from the above authorities is that the liability assumed by the insurer is neither a contract liability nor a statutory liability. It is a tort liability—the liability in tort which the insured has 'from the negligent operation' of his business under the permit. The fact that this tort liability is determined by the statute and by the insurance policy does not keep it from being a tort liability.

"If the petition states a cause of action in tort against the permit holder and alleges the filing and approval of the liability policy it states a cause of action against the insurer. This is the basis for the holdings of the court that one who sustains injury in his person or property by the negligent operation under the permit of the permit holder may sue both the permit holder and the insurer, or either one of them, and the action is in tort, not in contract." (pp. 90, 91.)

For other decisions of like import see *Billups v. American Surety Co.*, 170 Kan. 666, 228 P. 2d 731; *Twichell v. Hetzel*, 145 Kan. 139, 64 P. 2d 557.

The fact G. S. 1949, 66-1,128, now G. S. 1957 Supp., 66-1,128, was amended in 1953 (L. 1953, Ch. 296, Sec. 1) to permit insurance companies to file a certificate with the State Corporation Commission, certifying that there is in effect the liability insurance required by statute, in lieu of the insurance policy itself, does not change, alter or impair the rules announced by this court in the decisions to which we have just referred.

In conclusion it should be stated we have disregarded, not overlooked, many arguments advanced by appellant, founded on the erroneous theory, that the effect of the trial court's ruling is to change this case from an action upon the insurance policy to an action upon the certificate on file with the Commission. The foregoing decisions make it clear this action is in tort, not in contract, and if appellant is to recover she must do so upon the basis of appellees' liability for negligent operation of their tractor-trailer, not upon the extent of their insurance coverage. (*Lamb v. Hartford Accident & Indemnity Co.,* supra; *Fitzgerald v. Thompson,* supra.)

Based on what has been heretofore stated, and the decisions cited with respect thereto, we are forced to conclude the record discloses no appealable order and that the appeal must be dismissed.

It is so ordered.