Margaret E. JONES, Plaintiff,

v.

**THUNDERBIRD TRANSPORTATION COMPANY, Inc., and American Fidelity and Casualty Company, Inc.,** Defendants.

No. T-2260.

United States District Court
D. Kansas.

Nov. 4, 1959.

Herbert A. Marshall (of Meyers, Gault, Marshall & Hawks), Topeka, Kan., for plaintiff.

Irwin Snattinger, David H. Fisher and Donald Patterson, Topeka, Kan., for defendants.

STANLEY, District Judge.

This action arises out of a motor vehicle collision between an automobile operated by the plaintiff and a passenger bus which was operated by the defendant Thunderbird Transportation Company, Inc. (hereinafter referred to as Thunderbird). In the fourth paragraph of the complaint, the plaintiff incorporates and makes a part thereof an insurance policy issued by the defendant American Fidelity and Casualty Company, Inc. (hereinafter referred to as Insurer) to the defendant Thunderbird. The defendants have moved to strike from the complaint the language in paragraph four of the complaint, which incorporates the insurance policy, and to strike the policy, attached to the complaint and incorporated therein by reference.

Insurer is made a party defendant to this action by virtue of Kan.G.S.1957 Supp., 66–1,128, which provides:

*"Liability insurance required before certificate or license issued.* No certificate or license shall be issued by the state corporation commission to any * * * [carrier] * * * until and after such applicant shall have filed with, and the same has been approved by, the state corporation commission, a liability insurance policy in some insurance company or association authorized to transact business in this state, in such reasonable sum as the commission may deem necessary to adequately protect the interests of the public with due regard to the number of persons and amount of property involved but in no event shall such sum be less than * * *

ten thousand dollars ($10,000) for personal injury or death to any one person in any one accident * * * which liability insurance shall bind the obligors thereunder to pay compensation for injuries to persons and loss of or damage to property resulting from the negligent operation of such carrier: *Provided,* A certificate of any insurance company or association authorized to transact business in this state, in a form approved by the state corporation commission and certifying that there is in effect the liability insurance required by this section, may be filed in lieu of the insurance policy itself: *Provided further,* That in the event such certificate is filed, whenever requested by the commission, such company shall furnish to the commission a duplicate original of said policy and all endorsements thereon. No other or additional bonds or licenses than those prescribed in this act shall be required of any motor carrier by any city or town or other agency of the state."

The insurance contract issued by Insurer to Thunderbird provides that Insurer will pay, subject to the limits of liability, all sums which the insured may become legally obligated to pay as damages because of bodily injury arising out of the use of the vehicle. Under Kansas law, the provision referred to would cause the policy to be classified as one of liability and not one of indemnity. Burks v. Aldridge, 1942, 154 Kan. 731, 121 P.2d 276, 280. In that case the court said:

" * * * It is generally held, for instance, and with sound reason, that a policy under whose terms the insurer's obligation arises only when the liability of the insured has been established by judgment against him is equally one for 'liability insurance' rather than for indemnity insurance. 29 Am.Jur. 796, 798, § 1061, and cases there cited; Brandon v. St. Paul Mercury In-

demnity Co., 132 Kan. 68, 70, 71, 294 P. 881, 83 A.L.R. 673. What was said in the Jones case [Dunn v. Jones, 143 Kan. 218, 53 P.2d 918], must be viewed in the light of the specific issue there determined under the statute involved. The distinction, as generally stated, between 'liability insurance' and 'indemnity insurance' is simply that in the former the coverage attaches when the liability attaches, while in the latter no action lies against the insurer until an actual loss in the discharge of the liability has been sustained by the insured * * *."

However, whatever label we may give the policy in this suit, its terms specifically provide that no action may be maintained *directly* against the insurer until a judgment has been obtained against the insured.

In Dunn v. Jones, 1936, 143 Kan. 218, 53 P.2d 918, 922, the court indicated that a "liability" policy was one which permitted the insurer to be sued directly by the injured party without first having obtained a judgment against the insured. (A better label, perhaps, would be "direct action" insurance.) The court in the Jones case reached this position by finding that the statute (G.S. 66-1,128) was to be read into the policy, " * * and the policy has precisely the same effect as if it bore a rider, stating that the terms of the policy are to be construed as complying with the statute." Thus, whether the insurance policy in question is one of liability or indemnity, since it was filed pursuant to the provisions of G.S. 66-1,128, a direct action may be maintained by the injured party against the insurer without joining the insured. Dunn v. Jones, supra. And, an insurer may certainly be joined with its insured in an action of this nature. Fitzgerald v. Thompson, 1949, 167 Kan. 87, 204 P.2d 756; Graves v. National Mutual Cas. Co., 1948, 164 Kan. 267, 188 P.2d 945.

The insurance policy which is attached to the complaint has coverage limits in excess of those required by the statute. The questions presented by the motion of the defendants are whether or not the allegations attacked are redundant, immaterial and impertinent, and whether their inclusion in the complaint would be prejudicial to the defendants.

In Strcebin v. Capitol Truck Lines, 1958, 182 Kan. 527, 322 P.2d 776, 780, the Kansas Supreme Court considered a motion to strike an insurance policy from the pleadings in an action similar to this. The court reviewed some of its earlier decisions which had dealt with actions involving G.S. 66-1,128 and restated the rule that the liability of the insurer under this statute is in tort:

" * * * The foregoing decisions make it clear this action is in tort, not in contract, and if appellant is to recover she must do so upon the basis of appellees' liability for negligent operation of their tractor-trailer, not upon the extent of their insurance coverage."

The attachment of the insurance policy as an exhibit and its incorporation as part of the complaint is not essential to the plaintiff's cause of action against the insurer. It is sufficient if the complaint states a cause of action in tort against the insured and alleges that the insurer has issued a policy of liability insurance in accordance with the provisions of the statute. Lamb v. Hartford Accident & Indemnity Co., 1956, 180 Kan. 157, 300 P.2d 387; Graves v. National Mutual Cas. Co., supra; Fitzgerald v. Thompson, supra.

In 1 Barron & Holtzoff, § 367, is found the following:

"The court has a broad discretion in disposing of a motion to strike and may at any time, on its own initiative order stricken from a pleading, matter which is improper under the rule. Motions to strike are not favored and will usually be denied *unless* the allegations have no possible relation to the controversy and may prejudice the other party. * * *" (Emphasis supplied.)

**12**

Rule 12(f) provides for the striking from a pleading of any redundant, immaterial or impertinent matter.

As the liability of the insurer is predicated upon the tortious conduct of the insured, the contract between the insurer and the insured has no place in this action. The contract operates only to create the relationship which permits direct action against the insurer under the statute, and to limit the extent of the insurer's liability in the event judgment is obtained against the defendants. "If the insurer's maximum liability is $5,000, as stated by counsel for appellant, no more could be collected from it." Fitzgerald v. Thompson, supra, 167 Kan. at page 92, 204 P.2d at page 759.

The motion to strike will be granted.