No. 35,617

THE EL DORADO REFINING COMPANY, *Appellant*, v. THE UNITED STATES FIDELITY AND GUARANTY COMPANY OF BALTIMORE, MARYLAND, *Appellee*.

(139 P. 2d 369)

Opinion filed July 10, 1943.

*Charles G. Yankey, Harvey C. Osborne, John G. Sears, Jr.,* and *Verne M. Laing,* all of Wichita, were on the briefs for the appellant.

*Arnold C. Todd* and *Kurt Riesen,* both of Wichita, were on the briefs for the appellee.

The opinion of the court was delivered by

Hoch, J.: In this action an employer sought reimbursement from an insurance company for expenses incurred in defending a suit for damages arising out of the death of one of its employees. The trial court sustained a demurrer to plaintiff's evidence and entered judgment for defendant. Plaintiff appeals. The principal question is whether actions for damages such as the one involved are covered by the policy.

Plaintiff, The El Dorado Refining Company, operated a gas and oil refinery at El Dorado, Kan. On October 16, 1933, the defendant, The United States Fidelity and Guaranty Company of Baltimore, Md., issued a policy under which it assumed liability for damages and agreed to defend in actions against the plaintiff for certain injuries that might be suffered by employees. The term of the policy was from October 16, 1933, to October 16, 1934.

In the instant petition, filed in Sedgwick county on June 13, 1938, plaintiff alleged that for several years prior to October 16, 1934, it had in its employ one Louis A. Draut, whose work consisted of cleaning, painting, and making repairs upon tank cars and other cars used in plaintiff's business; that on December 27, 1934 (something more than two months after the term of the insurance policy expired) Draut was taken to the hospital, where he died on January 15, 1935; that after his death his widow, Ada M. Draut, and her daughters, as surviving heirs at law, brought an action against it for damages in the district court of Butler county alleging that Louis Draut "had been injured by reason of poisonous gases and substances in and about said refinery, and that said poisonous gases and other substances weakened and poisoned said Louis A. Draut, and that the injury was caused by said poisonous and injurious gases accumulating throughout the years from 1928 up to and including December 27, 1934, and that by reason of the accumulation of said poisonous and injurious substances in said Louis A. Draut's body he became ill and died by reason thereof on January 15, 1935."

Plaintiff further averred that the Draut heirs alleged in their action for damages that Louis Draut's "principal injury was caused during the year 1933 to 1934 . . . and prior to October 16, 1934"; that although "attempt was made in said petition above referred to to state a cause of action in common law negligence against this plaintiff that said cause of action thereon attempted to be stated

was based upon facts and proof that said Louis A. Draut's death was caused by accidental means and therefore an injury within the terms of said policy of insurance between the defendant company and this plaintiff"; that upon being served with summons in the action for damages it notified the insurance company, appellee here, of the action and made a demand that it defend in the litigation; that the insurance company refused to do so; that it was compelled at its own expense to employ counsel, to prepare and file pleadings, etc., and that on September 23, 1937 it obtained a dismissal of the action. Judgment was asked for $750 for attorneys' fees and for $111.33 for other expenses incurred in preparation for trial—total, $861.35.

In its answer the insurance company admitted that the action for damages had been brought against the plaintiff and that it had refused, upon demand, to defend the litigation or to bear any of the expense of doing so. It further alleged that its policy covered accidental injuries only and not "other so-called injuries or occupational diseases"; that the action for damages brought by the Draut heirs stated no cause of action for accidental injury, and that in such action the instant plaintiff—then defendant—specifically contended that the petition alleged occupational disease only. Other averments of appellee's answer need not be noted.

After a lapse of about three years and five months—a delay unexplained by the record before us—the action came on for trial on November 18, 1941. Plaintiff introduced in evidence the insurance policy, the pleadings and journal entry of dismissal in the prior action for damages by the Draut heirs. Plaintiff also submitted testimony as to the notice given in the Draut action to the instant defendant and as to the expenses incurred, and as to the fair and reasonable value of attorneys' fees in that action. To this evidence defendant demurred upon the ground that it did not constitute a cause of action and moved for judgment on the ground that the action for damages brought by the Draut heirs was not an action covered by the provisions of the policy. From an order sustaining the demurrer and from judgment for defendant thereupon entered the plaintiff appeals.

It is clear that appellee's policy was issued to cover the employer's liability under the workmen's compensation law. It was designated "Standard Workmen's Compensation and Employers' Liability Policy." The insurer contracted:

"One (a). To pay promptly to any person entitled thereto, under the Workmen's Compensation Law and in the manner therein provided, the entire amount of any sum due, and all installments thereof as they become due,

"(1) To such person because of the obligation for compensation for any such injury imposed upon or accepted by this Employer under such of certain statutes, as may be applicable thereto, cited and described in an endorsement attached to this policy, each of which statutes is herein referred to as the Workmen's Compensation Law, and

"(2) For the benefit of such person the proper cost of whatever medical, surgical, nurse or hospital services, medical or surgical apparatus or appliances and medicines, or, in the event of fatal injury, whatever funeral expenses are required by the provisions of such Workmen's Compensation Law." . . .

"One (b). To indemnify this employer against loss by reason of the liability imposed upon him by law for damages on account of such injuries to such of said employees. . . . ,

"Three. To defend, in the name and on behalf of this employer, any suits or other proceedings which may at any time be instituted against him on account of such injuries. . . .

"Four. To pay all costs taxed against this Employer in any legal proceedings defended by the Company, all interest accruing after entry of judgment and all expenses incurred by the Company for investigation, negotiation or defense."

The action for damages instituted by the Draut heirs—presumably in 1935—was not brought under the workmen's compensation law. It was filed in the district court and not before the compensation commissioner. In the lengthy petition no reference was made to the workmen's compensation law. The action was an ordinary action for damages based upon the alleged failure of the employer to furnish the employee with a reasonably safe place in which to work, and to provide reasonable and proper devices for preventing injury from poisonous and dangerous substances encountered in the course of his work. It was alleged that the employee's death on January 15, 1935, resulted from organic disorders resulting from inhalation and absorption of poisonous substances during the years he had been working for the company. In its answer the employing company denied generally the allegations of the petition, denied specifically that the illness and death of the employee was caused by the conditions under which he worked, and alleged that whatever dangers may have existed in connection with the work had been assumed by the employee. As heretofore noted, the employee became ill about two and a half months after the term of the policy expired and his death occurred approximately two weeks thereafter.

Appellant first contends that the policy is broader than the workmen's compensation law, and that therefore it was immaterial that the action by the Draut heirs was not brought under that law. We need not determine whether the policy covered any injuries to employees not compensable under the workmen's compensation law. Whether it did or not it is clear—and admitted by appellant—that in any event it only covered accidental injuries. In cases arising under the workmen's compensation law we have had frequent occasion to consider the meaning of the basic words "personal injury by accident" (G. S. 1935, 44-501). An occupational disease such as that involved here is not an accidental injury within the meaning of the statute. (*Echord v. Rush,* 124 Kan. 521, 523-525, 261 Pac. 820 and cases there cited; *Wright v. Keith,* 136 Kan. 393, 15 P. 2d, 429.)

The reasoning of the cases cited is equally applicable to the Draut action which was not brought under the statute. In *Gilliland v. Cement Co.,* 104 Kan. 771, 773, 180 Pac. 793, it was said: "An accident is simply an undesigned, sudden and unexpected event, usually of an afflictive or unfortunate character, and often accompanied by a manifestation of force." While it may be contended that such a definition is subject, in certain cases, to too literal an application, we have no trouble about its application to the instant case. The facts alleged in the Draut action clearly place the employee's injury outside the definition of "accident." (See "Accident," "Accidental," 1 Words and Phrases, Perm. ed., p. 250 *et seq.*)

Appellant next contends that under the policy the insurer was bound to defend on behalf of the employer in any action for damages for injuries to employees, although such suits are wholly "groundless or false," and even though the petition fails to state a cause of action. This contention requires little comment. There might be some force in the argument if the petition had attempted—though ineffectually—to state a cause of action based on accidental injury. But obviously the insurer was not bound to defend the employer in actions brought wholly outside any obligations assumed in the policy. In other words, the insurer would not be bound to defend in actions wherein he would have no liability in case the plaintiff secured judgment against the employer. A similar contention was considered at length in the case of *Brodek v. Indemnity Ins. Co.,* 292 Ill. App 363, 384-387, 11 N. E. 2d 228, which involved facts and circumstances closely similar to those here presented and it was there said that the policy was not "intended to bind the insurer to

take charge of and defend a suit in which, under the terms of the policy, it had no interest."

What has been said makes it unnecessary to consider appellee's argument based upon the fact that in any event the policy had expired several months before the illness and death of the employee, or other contentions made in the briefs.

The demurrer was properly sustained. The judgment is affirmed.