Nos. 42,741 and 43,012 (Consolidated)

JOHN HANSON, *Appellant,* v. ELDON V. ZOLLARS, ROBERT L. SCHENKE and AMERICAN EMPLOYERS INSURANCE COMPANY, a Corporation, *Appellees.*

(371 P. 2d 357)

Opinion filed May 5, 1962.

*Bill E. Fabian,* of Kansas City, argued the cause, and *John E. Blake, Robert E. Fabian,* and *John E. Blake, Jr.,* all of Kansas City, were with him on the briefs for the appellant.

*John J. Jurcyk, Jr.,* of Kansas City, argued the cause, and *Willard L. Phillips, P. B. McAnany, Thomas M. Van Cleave, Jr., James J. Lysaught,* and *R. H. Foerschler,* all of Kansas City, were with him on the briefs for the appellees.

The opinion of the court was delivered by

PARKER, C. J.: These appeals are from separate orders sustaining demurrers to plaintiff's third and fourth amended petitions.

The facts material to a determination of the issues are substantially as follows:

The plaintiff, John Hanson, hereinafter referred to as Hanson, was an employee of the Eby Construction Company of Wichita, Kansas. In January, 1959, the company was engaged in building a new residence hall on the University of Kansas campus at Lawrence, Kansas. The defendant, Robert Schenke, hereinafter referred to as Schenke, was the company's foreman on the construction project. Hanson is the brother-in-law of Schenke and made his home with him in the suburbs of Kansas City, Kansas. The company furnished Schenke with a pickup truck with which to travel to and from work. On many occasions Hanson rode to and from work with Schenke with the knowledge and consent of the company.

On the morning of January 13, 1959, at approximately 7:00 a. m., Hanson was riding to work in the truck being driven by Schenke. There was a heavy fog, and at the intersection of 94th Street and Highway 40 the truck collided with the rear end of a school bus being driven by the defendant, Zollars, which belonged to the Washington High School District No. 2. Both Hanson and Schenke were seriously injured. The pickup truck was furnished Schenke by the company in order that he could be continually on call and at the time and place of the collision Schenke was acting as agent of the company in the furtherance of its business. The company carried workmen's compensation insurance with the defendant, American Employers Insurance Company.

The company was the holder of a private carrier permit issued by the State Corporation Commission which covered all the vehicles used in its business as a general construction contractor. The company also had been issued a general liability policy by American Employers Insurance Company, which was filed with the Secretary of State pursuant to G. S. 1957 Supp., 66-1,128 (now G. S. 1961 Supp., 66-1,128), to qualify for the private carrier permit.

Hanson first filed a petition in which the Washington High School District No. 2, Zollars, the driver of the school bus, and the Eby Construction Company were made defendants. The court sustained a demurrer filed on behalf of the Washington High School District No. 2. Hanson then filed an amended petition in which Zollars and the Eby Construction Company were made defendants. A demurrer by the Eby Construction Company to this first amended petition was sustained. Hanson then filed a second amended petition in which the Eby Construction Company,

Schenke and Zollars were made defendants. A motion to strike by the Eby Construction Company was sustained as to the second amended petition on the ground that Hanson's claim was covered by workmen's compensation.

Hanson then filed his third amended petition in which Zollars, Schenke and American Employers Insurance Company, the insurer under the private carrier permit, were made defendants. The court sustained the insurer's demurrer to such pleading and Hanson appealed from that order.

The third amended petition was filed on December 2, 1960. The demurrer was sustained on June 23, 1961. During this same period, Hanson commenced and prosecuted successfully a workmen's compensation claim against the Eby Construction Company and its insurer, American Employers Insurance Company, one of the defendants herein. In the workmen's compensation case, Hanson claimed and received compensation for injuries "arising out of and in the course of his employment." He received an award of compensation on June 12, 1961.

On August 15, 1961, Hanson filed his fourth amended petition, naming the same parties defendants as in the third amended petition. The fourth amended petition was substantially the same as the third amended petition insofar as the questions presented on appellate review are concerned. A demurrer was then filed by American Employers Insurance Company and sustained by the court. Thereupon Hanson perfected an appeal from the order sustaining the demurrer to the fourth amended petition.

By stipulation of the parties the above mentioned appeals were consolidated for hearing and determination before this court.

Hanson concedes his only remedy against his employer is under the Workmen's Compensation Act but contends that having stated a good cause of action against Schenke, who at the time of the injury was operating a vehicle of Eby Construction Company, a K. C. C. permit holder, with its permission and on its business, he is entitled to join as a named defendant the insurance carrier for the permit holder, American Employers Insurance Company, pursuant to G. S. 1957 Supp., 66-1,128 (now G. S. 1961 Supp., 66-1,128). This statute provides:

"No certificate or license shall be issued by the state corporation commission to any . . . 'private motor carrier of property,' until and after such applicant shall have filed with, and the same has been approved by, the state

corporation commission, a liability insurance policy . . . which liability insurance shall bind the obligors thereunder to pay compensation for injuries to persons . . . resulting from the negligent operation of such carrier: . . ."

The appellee, American Employers Insurance Company, hereinafter referred to as the insurer, concedes that a member of the general public may sue a permit holder's insurance company direct without making the permit holder a party. (*Hill v. Southern Kansas Stage Lines Co.,* 143 Kan. 44, 53 P. 2d 923.) It further contends, however, that before the insurance company can be sued direct the plaintiff must be able to state a cause of action against the permit holder. The contention is sound.

Hanson here admits that he cannot sue his employer, the permit holder, for a common law tort because his claim fell under the Workmen's Compensation Act insofar as his employer was concerned. He contends, however, that he can sue the employer's foreman and that the insurance carrier of the permit holder is liable under the provisions of the policy which states that the word "insured" "includes the named insured and also includes . . . any person while using an owned automobile . . . provided the actual use of the automobile is by the named insured or with his permission."

The difficulty with this contention is that the pickup truck was furnished Schenke by the company so that he could be continually on call and at the time and place of the collision Schenke was acting as agent of the company in furtherance of its business. It is so alleged in Hanson's third and fourth amended petitions.

In *Fitzgerald v. Thompson,* 167 Kan. 87, 204 P. 2d 756, it was stated:

"The rule deducible from the above authorities is that the liability assumed by the insurer is neither a contract liability nor a statutory liability. It is a tort liability—the liability in tort which the insured has 'from the negligent operation' of his business under the permit. The fact that this tort liability is determined by the statute and by the insurance policy does not keep it from being a tort liability.

"*If the petition states a cause of action in tort against the permit holder* and alleges the filing and approval of the liability policy it states a cause of action against the insurer. This is the basis for the holdings of the court that one who sustains injury in his person or property by the negligent operation under the permit of the permit holder may sue both the permit holder and the insurer, or either one of them, and the action is in tort, not in contract." (pp. 90, 91.) (Emphasis supplied.)

In *Billups v. American Surety Co.*, 170 Kan. 666, 228 P. 2d 731, in considering what the petition must allege to state a cause of action against the insurer of a licensed contract carrier, we quoted with approval the language in the *Fitzgerald* case set out above.

The insurer is liable for the torts of the insured. If the insured has no tort liability there can be no liability on the part of the insurer.

Hanson's second contention is that since Schenke was driving the truck in question with his employer's permission, Schenke falls within the definition of an "insured" under the policy and is covered by the provision which defines "insured" as follows:

"The unqualified word 'insured' includes the named insured and also includes . . . (2) under coverages A and C any person while using an owned automobile . . . provided the actual use of the automobile is by the named insured or with his permission."

He further contends that although Schenke was within the course of his employment at the time of the collision, the plaintiff as a matter of fact was not, and therefore the following exception in the policy, permitted by the rules of the State Corporation Commission, does not apply:

"The insurance . . . does not apply . . .: (c) to any employee with respect to injury . . . of another employee of the same employer injured in the course of such employment in an accident arising out of the maintenance or use of an automobile in the business of such employer."

and he is therefore entitled to sue the insurer under the terms of the policy.

If Hanson was in the course of his employment at the time of the accident, he comes clearly within the exception clause of the policy.

This question would appear to be determined by the provisions of G. S. 1949, 44-508(*k*), which states:

"The words 'arising out of and in the course of employment' as used in this act shall not be construed to include injuries to the employee occurring while he is on his way to assume the duties of his employment or after leaving such duties, the proximate cause of which injury is not the employer's negligence."

Hanson alleges in his petition that his injury was the result of the negligence of Schenke, who was acting as the agent of Hanson's employer, in furtherance of the employer's business, while Hanson was being transported to work in a company truck. The negligence of the agent would be attributed to the employer.

The statute quoted above leaves no doubt but what the phrase "arising out of and in the course of employment" covers an employee

going to or from work if the injury is the result of the employer's negligence.

It would be entirely inconsistent to say that Hanson was within the course of his employment under the provisions of G. S. 1949, 44-508( $k$ ), insofar as his employer, Eby Construction Company, is concerned but not within the course of his employment insofar as the exception clause in the insurance policy is concerned. The terms of the insurance policy purport to insure the employer, Eby Construction Company, against liability for its tortious acts. It does not purpose to insure Schenke for his individual torts unconnected with his employment and which do not also subject his employer to liability. Under the exception clause in the policy Hanson had no claim against the American Employers Insurance Company. Although this court has not heretofore passed directly on the foregoing question, persons interested in pursuing the matter further should resort to *Lumber Mutual Casualty Ins. Co. v. Stukes,* 164 F. 2d 571; *Birrenkott v. McManamay,* 65 S. D. 581, 276 N. W. 725; *Bonney v. Citizens' Mut. Auto Ins. Co.,* 333 Mich. 435, 53 N. W. 2d 321; *Bernard v. Wisconsin Automobile Ins. Co.,* 210 Wis. 133, 245 N. W. 200.

What has been heretofore stated and held requires a decision that the trial court's action in sustaining the demurrers to the third and fourth amended petitions was proper and must be upheld.

Therefore the orders and judgments involved in these consolidated cases are affirmed.