No. 45,670

LOYE O. BROWN, *Appellee*, v. J. W. GREEN, JOHN R. DAVIS, d/b/a BOB DAVIS TRUCKING CO., *Appellees*, and NATIONAL INDEMNITY COMPANY OF OMAHA, NEBRASKA, *Appellant*.

(466 P. 2d 299)

Opinion filed March 7, 1970.

*Gene H. Sharp*, of Vance, Hobble, Neubauer, Nordling & Sharp, of Liberal, argued the cause and was on the brief for the appellant.

*Don D. Smith*, of Mitchell, Smith & Patton, of Dodge City, argued the cause and Harold K. Greenleaf, Jr., of Smith & Greenleaf, of Liberal, was with him on the brief for the appellee Loye O. Brown.

*James R. Yoxall*, of Light, Yoxall & Antrim, of Liberal, argued the cause and was on the brief for appellees J. W. Green and John R. Davis.

The opinion of the court was delivered by

PRICE, C. J.: This is an action by an employee of a licensed motor carrier to recover for personal injuries sustained while in the course of his employment as the result of the alleged negligent operation of a truck by a fellow employee who at the time also was acting within the scope of his employment.

Named as defendants are the fellow employee, the employer, and the employer's insurer under a public liability insurance policy.

The question is whether defendant insurance company is obligated to defend the action and is obligated to pay any judgment that might be rendered in the case.

The trial court held that both obligations exist. The insurance company has appealed.

Because of the posture of the case and the nature of the question involved, it is necessary to summarize the pleadings in some detail.

The petition of plaintiff, Loye O. Brown, was filed on May 2, 1967. It alleged—

Plaintiff was an employee of defendant John R. Davis, d/b/a Bob Davis Trucking Co. (hereafter referred to as Davis) which hauled cattle into and out of Kansas. Pursuant to K. S. A. 66-1314 Davis was required to be covered by a liability insurance policy, and, on the date in question, was covered by a policy written by defendant National Indemnity Company (hereafter referred to as National) whereby National agreed to pay for injuries to persons and loss of or damage to property resulting from the negligence of Davis, his agents, servants and employees in operating vehicles under the name of Davis and in the furtherance of his business. On or about February 4, 1966, in a cattle auction yard at Liberal, plaintiff, an employee of Davis, was injured when defendant J. W. Green (hereafter referred to as Green), who at the time also was an employee of Davis and acting within the scope of his employment, negligently backed a cattle truck owned by Davis into plaintiff. That as the direct result of the negligence of Green, while in the employment of Davis, plaintiff was injured and damaged in the amount of $36,764.34 and judgment in that amount was sought against defendants Green, Davis and National.

On June 8, 1967, defendant National filed its answer and cross-claim.

The answer admitted the issuance to Davis of the policy in

question (attached as an exhibit), and that on February 4, 1966, plaintiff, while an employee of Davis, sustained personal injuries; alleged contributory negligence; denied that plaintiff's injuries were caused by the negligence of Green or Davis, and alleged there was no liability on its part to plaintiff for injuries sustained by him while employed by Davis.

In its cross-claim National alleged that defendants Green and Davis contend that by virtue of the policy in question it is required to defend plaintiff Brown's action against them and to pay any judgment that may be rendered against them. National further alleged that plaintiff was correct in alleging that at the time of the injury he, plaintiff, was an employee of Davis. It was further alleged that the policy did not insure Green or Davis for the reason coverage is excluded where the injured party (plaintiff) was at the time of injury an employee of the named insured, Davis, and that it, National, was entitled to a declaratory judgment that it was under no duty or obligation to furnish a defense for Green or Davis to plaintiff's law suit and was under no obligation to pay any judgment rendered against them arising from the case. (The provisions of the policy attached as an exhibit to National's answer and cross-claim will be discussed later.)

On June 23, 1967, defendant Davis filed his answer, an answer to the cross-claim of National, and a cross-claim against National.

The answer contained the usual denials, admitted that he, Davis operated a trucking firm which transported cattle in and out of the state, admitted the issuance and existence of the insurance policy in question, and alleged contributory negligence on the part of the plaintiff.

The answer of Davis to the cross-claim of National admitted that he contends National is required to furnish a defense to plaintiff's action and to pay any judgment which might be rendered against him, Davis, and prayed that National be required to furnish such defense and to pay any such judgment.

The cross-claim of Davis against National alleged that by the issuance of the policy in question National agreed to pay for injuries to persons and loss of or damage to property as the result of the negligence of Davis, his agents and employees, and to defend any suit against him for such injury or damage even if such suit is groundless, false or fraudulent. It further alleged that following the filing of plaintiff's action he, Davis, requested that National as-

sume its obligation to defend the action, that National failed and refused to do so with the result that he was forced to hire counsel of his own. The prayer was for judgment declaring the policy to be in full force and effect; that the damages claimed by plaintiff are within the terms and provisions of the policy; that National is obligated to defend the action and to pay any judgment rendered, and for judgment for attorney fees and expenses.

On June 23, 1967, defendant Green filed his answer, an answer to the cross-claim of National, and a cross-claim against National. For our purposes it may be said these three pleadings were substantially identical to the respective pleadings filed by Davis.

There being no factual issue between National and defendants Green and Davis, National moved for a summary judgment upon its cross-claim for a declaratory judgment—mentioned above.

The matter came on for hearing on January 3, 1969, and the court ruled—

"Upon examination of the files, briefs of counsel, and statements of counsel, the Court finds that the National Indemnity Company is not entitled to such Declaratory Judgment, and that under the terms and provisions of the policy of insurance, it does owe a duty to furnish a defense for the said J. W. Green and John R. Davis d/b/a Bob Davis Trucking Co., to the Plaintiff's lawsuit, and has an obligation to pay any judgments rendered against them arising from said lawsuit."

National has appealed from both portions of that ruling.

As material to this case, K. S. A. 66-1,128 provides that no certificate, permit, or license shall be issued by the state corporation commission to any public motor carrier of property, contract motor carrier of property or passengers, or private motor carrier of property, until such applicant shall have filed with and the same has been approved by the commission, a liability insurance policy in such reasonable sum as the commission may deem necessary to adequately protect the interests of the *public*, which liability insurance shall bind the obligors thereunder to pay for injuries to *persons* and loss of or damage to property resulting from the negligent operation of such carrier.

The policy in question was dated October 10, 1965. Attached to it was a "Public Liability and Property Damage Endorsement" of the state corporation commission (Docket No. 15600) which, in material part, reads—

"It is understood and agreed that the policy to which this endorsement is attached is written in pursuance of and such policy shall fulfill the insurance

requirements of section 66-1,128, General Statutes of Kansas 1935, or as may be hereafter amended, and the rules and regulations of the State Corporation Commission adopted thereunder with respect to liability for injuries to persons (except employees of the assured injured in the course of their employment) and for damage to property (except cargo). The obligations and promises of this endorsement, however, shall be effective only while the equipment covered by this policy is being operated within the State of Kansas."

The named insured was "Bob Davis Trucking Co.—John R. Davis d/b/a".

With respect to such insurance as is afforded by the policy for bodily injury liability, the policy provided that the company shall defend any suit against the insured alleging injury on account of and arising out of the use of the vehicle in question, even if the suit is groundless, false or fraudulent. It further provided—

"III. Definition of Insured: (a) With respect to the insurance for bodily injury liability and for property damage liability the unqualified word 'insured' includes the named insured and, if the named insured is an individual, his spouse if a resident of the same household, and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or such spouse or with the permission of either. The insurance with respect to any person or organization other than the named insured or such spouse does not apply:

.    .    .    .    .    .    .    .    .    .    .    .    .    .

(2) to any employee with respect to injury to or sickness, disease or death of another employee of the same employer injured in the course of such employment in an accident arising out of the maintenance or use of the automobile in the business of such employer."

Other provisions of the policy state that no coverage is provided under facts and circumstances giving rise to application of any workmen's compensation law benefits.

In support of the trial court's ruling, plaintiff Brown contends the words "for injuries to persons" contained in K. S. A. 66-1,128 mean *all* persons—whether or not employees of the insured. He further contends the exception contained in the public liability endorsement of the state corporation commission, above, goes beyond the authority given by the statute and, as it does not appear in the handbook of administrative regulations compiled by the office of the revisor of statutes—is of no force and effect as a rule or regulation of the commission.

In their brief in support of the trial court's ruling, defendants Green and Davis contend that National's motion for a declaratory (summary) judgment and appeal from the adverse ruling were

and are premature because there have been no discovery proceedings whereby it has been determined that National has no duty to defend the action. It further is argued that the provisions of the policy are inconsistent, uncertain and ambiguous—and therefore should be construed strictly against National, and that it should not be let out of the case at this stage.

There are a number of reasons which compel our conclusion that the ruling of the trial court cannot be upheld.

The language of the statute (K. S. A. 66-1,128) summarized above, must be read in its entirety. When so read, it is clear that the legislative intent was to protect the interests of the *public* for injuries due to the negligent operation of licensed motor carriers, rather than *employees* of the insured injured in the course of their employment. In *Graves v. National Mutual Cas. Co.,* 164 Kan. 267, 188 P. 2d 945, in discussing the landmark case of *Dunn v. Jones,* 143 Kan. 218, 223, 53 P. 2d 918, it was said—

"We then pointed out that the purpose of the insurance was adequate protection to members of the public from negligent conduct of the motor vehicle operator. No doubt the policy itself consisted of a page or two, some of it in fine print. The legislature, however, described it in these words and we described it in half a dozen lines. The essentials are there—liability, public, protection." (p. 271.)

The public liability endorsement on the policy here is in accord with the meaning and purpose of the statute—and it specifically excludes employees of the insured injured in the course of their employment. Further, such endorsement is not a "rule or regulation" in the sense urged by plaintiff.

As to the contention National was premature in seeking a declaratory judgment that there was no obligation to defend and no obligation to pay any judgment that might be rendered, the rule is that the question whether a liability insurance carrier owes a duty to defend is to be determined by the allegations of a plaintiff's petition and the terms of the policy. In *Leonard v. Maryland Casualty Co.,* 158 Kan. 263, 146 P. 2d 378, it was held:

"The duty of an insurer under an automobile liability policy to defend an action for damages against its insured is not measured by proof which may be adduced at the trial or by outcome of the litigation, but by the allegations of the petition in the action and by the terms and provisions of the insurance contract." (Syl. 2.)

and said:

"If the rule were otherwise an insurer would be obligated to defend every

type and character of action instituted against every insured although the basis or ground of such action was wholly outside the coverage of the policy. Such a conclusion would render the exclusion clause a complete nullity and would therefore result in making a new contract for the parties which, of course, we are not at liberty to do." (p. 267)

As to the contention that National is under a duty to defend "even if such suit is groundless, false or fraudulent"—by the very terms of the "Insuring Agreements II. (a)"—such duty to defend exists only "With respect to such insurance *as is afforded by this policy* for bodily injury liability. . . ." (Emphasis supplied.)

Here, the plaintiff, an employee of Davis, injured in the course of his employment as the result of the alleged negligence of Green, also an employee of Davis—seeks to recover from Green, Davis and National. Green and Davis contend National is obligated to defend the action and to pay any judgment that may be rendered.

We think it is clear that under the plain terms of the policy the injuries to plaintiff are not covered and that National is not obligated to pay any judgment that may be rendered. In the somewhat analogous case of *Hanson v. Zollars,* 189 Kan. 699, 371 P. 2d 357, it was held:

"The liability of an insurer to the employee of the holder of a private carrier permit is excluded by the provisions of the policy which excepts injuries to employees in the course of the employment." (Syl. 3)

It naturally follows that where there is no liability—there is no duty to defend—as was said in *El Dorado Refining Co. v. United States Fidelity & G. Co.,* 157 Kan. 198, 139 P. 2d 369:

"But obviously the insurer was not bound to defend the employer in actions brought wholly outside any obligations assumed in the policy. In other words, the insurer would not be bound to defend in actions wherein he would have no liability in case the plaintiff secured judgment against the employer." (p. 202)

In its brief National also relies on certain provisions of the policy excluding coverage in instances where the insured may be liable under any workmen's compensation law, citing K. S. A. 44-505 and *Coble v. Williams,* 177 Kan. 743, 282 P. 2d 425. Having disposed of this case on other grounds—we express no opinion on the point.

The judgment is reversed.