(216 P.3d 720)
No. 101,306

WILLIAM C. MCCABE, d/b/a APPLIANCE WORKSHOP, *Appellant,*
v. WYATT A. HOCH and FOULSTON SIEFKIN LLP, *Appellees.*

—

Opinion filed September 25, 2009.

*William C. McCabe,* appellant pro se.

*Amy S. Lemley* and *Jay F. Fowler,* of Foulston Siefkin LLP, of Wichita, for the appellees.

Before MCANANY, P.J., PIERRON and LEBEN, JJ.

PIERRON, J.: William C. McCabe d/b/a Appliance Workshop, appeals the dismissal of his negligence action against Wyatt A. Hoch and the law firm of Foulston Siefkin LLP. McCabe, while represented by an attorney, originally sued Schoenwald Structural Engineering for professional negligence in the design of a roof. In this instant pro se lawsuit, McCabe sued Hoch for filing a suggestion of death in the Kansas Court of Appeals while the professional negligence lawsuit was pending on a petition for review in the Kansas Supreme Court.

A detailed factual statement is found at *McCabe v. Schoenwald,* No. 97,423, unpublished opinion filed September 7, 2007, *rev. denied* 286 Kan. 1178 (2008) (*McCabe I*). Only a skeleton sketch of the facts is necessary.

In 2003, McCabe hired A. Kenneth Schoenwald, P.E., to prepare drawings for a roof over the building where McCabe operated his Appliance Workshop. McCabe sued Schoenwald in 2005 after rain leaked into the building during a 4-month period when McCabe was constructing the roof. The rain leaked in through holes that McCabe had cut in the existing roof during construction resulting in damages to McCabe's building and its contents. The trial court granted summary judgment in favor of Schoenwald finding McCabe had failed to provide expert testimony to establish that Schoenwald deviated from the appropriate standard of care.

McCabe appealed the trial court's decision to the Kansas Court of Appeals. On September 7, 2007, the Court of Appeals affirmed the trial court's holding: "Because McCabe has not provided expert testimony to establish that Schoenwald's design for the roof structure deviated from 'the standard of care for structural engineers practicing in south central Kansas,' McCabe cannot meet the 'breach of duty' element of his professional negligence claim." *McCabe I,* slip op. at 23-24. The Court of Appeals also found McCabe had failed to prove that Schoenwald's design of the roof structure was the proximate cause of any damages. Slip op. at 25-26.

On October 5, 2007, McCabe filed a petition for review in the Kansas Supreme Court. Schoenwald died on February 16, 2008. On April 22, 2008, Hoch filed a "Suggestion of Death of A. Kenneth Schoenwald, P.E." with the Court of Appeals. Hoch mailed a copy of the Suggestion of Death to McCabe's attorney in the case. On April 23, 2008, the Kansas Supreme Court denied McCabe's petition for review, stating: "Petition for review by William C. McCabe DBA Appliance Workshop. Considered by the Court and denied. Suggestion of Death of A. Kenneth Schoenwald, P.E., noted."

On September 10, 2008, McCabe filed the current pro se lawsuit against Hoch and Foulston Siefkin alleging negligence in Hoch's

filing of the suggestion of death prior to a decision by the Supreme Court. On September 11, 2008, Hoch filed a motion to dismiss alleging he followed the notice provisions of the Kansas statutes for apprising the court and parties of a litigant's death. He also argued McCabe could not establish any duty that he owed to McCabe and, therefore, the negligence action failed. Hoch filed a motion for sanctions for reasonable attorney fees for defense of a frivolous lawsuit.

The district court held a hearing on Hoch's motion and took the matter under advisement. By letter opinion, the court granted Hoch's motion to dismiss and ordered sanctions against McCabe. The court found Hoch's filing of the suggestion of death was "legally permissible and proper" under K.S.A. 60-225(a). The court also found that McCabe's negligence action failed as a matter of law because Hoch owed no duty to McCabe. An attorney, absent special circumstances, cannot be held liable for the consequences of professional negligence to anyone other than his or her client. The district court found McCabe's lawsuit was frivolous under K.S.A. 60-211 and Hoch was entitled to reasonable attorney fees in the amount of $2,100. McCabe appeals.

We review a district court's decision granting a motion to dismiss under a de novo standard of review. *Wachter Management Co. v. Dexter & Chaney, Inc.*, 282 Kan. 365, 368, 144 P.3d 747 (2006). When the district court has granted a motion to dismiss, this court must assume the truth of the facts alleged by the plaintiff, along with any inferences that can reasonably be drawn from those facts. This court will then decide whether those facts and inferences state a claim under any possible theory. *Jones v. State*, 279 Kan. 364, 366, 109 P.3d 1166 (2005).

The district court correctly concluded there was nothing improper in Hoch's filing of the suggestion of death under K.S.A. 60-225(a). The foundation of McCabe's lawsuit is that Schoenwald's death was immaterial to the case because damages for any professional negligence committed by Schoenwald were still covered by his insurance provider. We find McCabe's argument is erroneous in all regards.

Initially, we find as a matter of law, the death of a party is a material fact in every lawsuit. Whether substitution of another party is necessary under K.S.A. 60-225(a)(1) or whether the right survives only to or against surviving parties under K.S.A. 60-225(a)(2) is a secondary consideration to the fact or notice of the death of a party. K.S.A. 60-225(a) provides:

"(a) *Death of party.* (1) *Where claim not extinguished.* If a party dies and the claim is not thereby extinguished, the court shall on motion order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party or by any party and, together with the notice of the hearing, shall be served on the parties as provided in K.S.A. 60-205, and upon persons not parties in the manner provided for the service of a summons. Unless the motion for substitution is made within a reasonable time after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

"(2) *Where right survives only to or against surviving party.* In the event of the death of one or more of the plaintiffs or of one or more of the defendants in an action in which the right sought to be enforced survives only to the surviving plaintiffs or only against the surviving defendants, the action does not abate. The death shall be suggested upon the record and the action shall proceed in favor of or against the surviving parties."

As pointed out by Hoch, the considerations of the death of a party are as relevant on appeal as they are in the district court. The court in *Long v. Riggs*, 5 Kan. App. 2d 416, 418, 617 P.2d 1270 (1980), made this abundantly clear:

"Without question K.S.A. 60-225(a) is necessary to apprise all parties of facts which may have a substantial impact upon the further prosecution of a lawsuit, especially because substitution of parties is intertwined with the question of what substantive rights survive beyond death. Such notification must be provided within a reasonable time so that the other parties are not subjected to long delays in prosecution or termination of a lawsuit. We find that these considerations inherent in K.S.A. 60-225(a) are as relevant to cases on appeal as they are to actions in the district courts."

Secondly, we reject McCabe's claim that the insertion of Schoenwald's insurance carrier or coverage into the proceedings would have even been permissible or a fact considered by the Kansas Supreme Court. Similar to the concerns at a bench trial, the court in *State v. Gordon*, 219 Kan. 643, Syl. ¶ 11, 549 P.2d 886

(1976), stated: "Where trial is by the district court, on appellate review the supreme court indulges in the presumption the lower court considered only properly admissible evidence in reaching its decision unless the contrary is shown by the record." There was no logical reason to inject the subject of insurance before the Kansas Supreme Court. Such a holding is consistent with the purpose of K.S.A. 60-454, which prohibits the admission of evidence of liability insurance to prove negligence. *Nirschl v. Webb*, 239 Kan. 90, 94, 716 P.2d 173 (1986); see K.S.A. 60-454 ("Evidence that a person was, at the time a harm was suffered by another, insured wholly or partially against loss arising from liability for that harm is inadmissible as tending to prove negligence or other wrongdoing.").

McCabe argues that since the Kansas Supreme Court noted the suggestion of death in its order and that was the only fact listed in the order, then it was the only fact relied upon by the Kansas Supreme Court in denying the petition for review. McCabe's argument is contrary to the discretionary nature of review by the Kansas Supreme Court. Pursuant to Kansas Supreme Court Rule 8.03(a) (2008 Kan. Ct. R. Annot. 65), "[a]ny party aggrieved by a decision of the Court of Appeals may petition the Supreme Court for discretionary review." Rule 8.03(e)(2) (2008 Kan. Ct. R. Annot. 68) provides: "In all other cases [except constitutional questions of first impression], review by petition is not a matter of right, but of judicial discretion." Rule 8.03(f) (2008 Kan. Ct. R. Annot. 68) discusses the effect of an order denying review, "The denial of a petition for review of a Court of Appeals' decision imports no opinion on the merits of the case." Pursuant to the Supreme Court Rules, the Kansas Supreme Court had complete discretion in deciding whether to consider McCabe's case, and the denial of his petition for review was no opinion on the merits. Additionally, the Kansas Supreme Court's notation of the suggestion of death was just that—nothing more than a notification that the suggestion of death had been filed in the case.

The district court's dismissal of McCabe's negligence lawsuit based upon a failure to state a claim upon which relief could be granted under K.S.A. 60-212(b)(6) was not erroneous. In order to

establish a negligence claim, the plaintiff must establish the existence of a duty, a breach of that duty, a proximate cause, and an injury or damages. *D.W. v. Bliss*, 279 Kan. 726, 734, 112 P.3d 232 (2005).

The district court ruled that McCabe could not even pass the duty prong to sustain a negligence claim and rested its decision purely on that failure. The district court held that as a matter of law, Hoch owed no duty to McCabe. We agree with the district court's ruling. See *Nelson v. Miller*, 227 Kan. 271, 286-87, 607 P.2d 438 (1980) (traditional rule is that an attorney will be held liable for negligence only to his or her client); *Young v. Hecht*, 3 Kan. App. 2d 510, Syl. ¶ 3, 597 P.2d 682, *rev. denied* 226 Kan. 793 (1979) (attorney cannot, in the absence of special circumstances, be held liable for the consequences of his or her professional negligence to anyone other than his or her client); see also *Tappen v. Ager*, 599 F.2d 376, 378 (10th Cir. 1979) (An attorney engaged in discharging professional duties on behalf of his or her client cannot be held liable for negligence toward a third person, for the reason that the attorney's paramount and exclusive duty is to his or her client.).

McCabe contends that Hoch and the district court have misunderstood his claim of a duty. McCabe believes he can assert a claim based on an alleged violation of Hoch's duty's as an attorney and his ethical responsibilities to the Kansas Supreme Court. McCabe is incorrect. The courts are clear on this:

"More importantly, an attorney's violation of the ethics rules cannot create a cause of action available to adverse litigants or even to clients. This is because the ethics rules do not impose a legal duty on the attorney owing to either a client or a third party. Occasionally, attorney conduct which violates an ethics rule may also violate an independent legal duty, and a cause of action may ensue. It is the violation of the independent legal duty, not the ethics rule, that gives rise to a cause of action. This is made clear by Rule 226, Model Rules of Professional Conduct, Scope of Rules, which states:

" 'Violation of a Rule should not give rise to a cause of action nor should it create any presumption that a legal duty has been breached. The Rules are designed to provide guidance to lawyers and to provide a structure for regulating conduct through disciplinary agencies. They are not designed to be a basis for civil liability. Furthermore, the purpose of the rules can be subverted when they are involved by opposing parties as procedural weapons. The fact that a Rule is a

just basis for a lawyer's self-assessment, or for sanctioning a lawyer under the administration of a disciplinary authority, does not imply that an antagonist in a collateral proceeding or transaction has standing to seek enforcement of the Rule. Accordingly, nothing in the Rules should be deemed to augment any substantive legal duty of lawyers or the extradisciplinary consequences of violating such a duty.' Rule 226 (1995 Kan. Ct. R. Annot. 249)." *OMI Holdings, Inc. v. Howell*, 260 Kan. 305, 325, 918 P.2d 1274 (1996).

Additionally, we add to the district court's analysis that McCabe has failed the proximate cause prong of an adequately alleged claim of negligence as well. See *Bliss*, 279 Kan. at 734 (proximate cause means a causal connection between the duty breached and the injury sustained). There is no evidence that Hoch's submission of the suggestion of death was in any way the basis for the Kansas Supreme Court's denial of McCabe's petition for review. We do not find it was even a reasonable inference that the denial was based on the suggestion of death. The Supreme Court's decision on McCabe's petition for review came 6 months after the petition was filed. Granted, the denial came a day after filing of the suggestion of death. However, circumstantial evidence based on the timing of the denial, without more, is simply not sufficient proximate cause.

Even if we were to find Hoch had improperly filed the suggestion of death, there is simply no prejudice upon which McCabe can rely upon to cause a reversal of the district court's ruling. A judgment will not be reversed because of the erroneous admission of immaterial and irrelevant evidence where no favor or prejudice has resulted to either party from its admission. *Debus v. Life Insurance Co.*, 115 Kan. 773, Syl. ¶ 4, 225 P. 91 (1924). "Reversal is required only where an erroneous admission of evidence is of such a nature as to affect the outcome of the trial and deny substantial justice. [Citation omitted.]" *State v. Garcia*, 282 Kan. 252, 270, 144 P.3d 684 (2006). The discretionary nature of the Kansas Supreme Court's review in this case makes prejudice a hurdle McCabe cannot clear.

We also find the district court did not err in granting sanctions against McCabe for filing a frivolous lawsuit. Pursuant to K.S.A. 60211, the trial court shall impose appropriate sanctions, which

may include attorney fees, against a party or an attorney for signing pleadings, motions, and other papers filed with the court stating claims, defenses, and other legal contentions not warranted by existing law or a frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

The standard of review in these matters was clarified by our Supreme Court in *Evenson Trucking Co. v. Aranda*, 280 Kan. 821, Syl. ¶ 1, 127 P.3d 292 (2006): "When an appellate court reviews a district court's decision to impose sanctions under K.S.A. 2004 Supp. 60211, its function is to determine whether substantial competent evidence supports the trial court's findings of fact that the statutory requirements for sanctions are present." In *Vondracek v. Mid-State Co-op, Inc.*, 32 Kan. App. 2d 98, 104, 79 P.3d 197 (2003), the Court of Appeals noted the sanction under K.S.A. 2002 Supp. 60211 "is generally utilized when a party files a claim based upon a legal theory that is clearly contrary to statute or case law."

The factors to be considered in determining an appropriate sanction under K.S.A. 60-211 are enumerated as follows:

"(1) whether the improper conduct was willful or negligent;

"(2) whether it was part of a pattern of activity or an isolated event;

"(3) whether it infected the entire pleading or only one particular count or defense;

"(4) whether the person has engaged in similar conduct in other litigation;

"(5) whether it was intended to injure;

"(6) what effect it had on the litigation process in time or expense;

"(7) whether the responsible person is trained in the law;

"(8) what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case; and

"(9) what amount is needed to deter similar activity by other litigants. [Citation omitted.]" *Wood v. Groh*, 269 Kan. 420, 431, 7 P.3d 1163 (2000).

The district court ordered McCabe to pay attorney fees to Hoch based on the affidavit presented by defense counsel and the factors for determination of reasonableness of attorney fees outlined by defense counsel. In granting Hoch's request for sanctions, the district judge made the following finding:

"While I am not unsympathetic to [McCabe's] situation as a result of the district and appellate courts' rulings in 05CV 1314, such rulings are not a license for a litigant to file lawsuits which have no merit, are frivolous, and have no basis in

law. Such an action by a litigant is magnified when the defendant to such a lawsuit is an attorney who extends a professional courtesy to the litigant and advises the litigant via letter, before the lawsuit is filed, that the litigant's allegations of civil wrongs are groundless. This is what has occurred in the case herein."

The district court's findings that McCabe's lawsuit was frivolous and his allegations were groundless is supported by substantial competent evidence and meets the statutory requirements for sanctions under K.S.A. 60-211(b)(2) and (3).

On March 9, 2009, Hoch filed a motion for appellate fees in the amount of an additional $11,685 for charges related to the pending appeal. On March 10, 2009, McCabe filed a response arguing the imposition of additional sanctions was unwarranted.

Hoch makes the same arguments for attorney fees on appeal as were made in the district court. We agree. The original petition was based on a frivolous claim and the appeal is also. We find defense fees to defend against McCabe's appeal of sanctions for filing a frivolous lawsuit, under the facts of this case, are appropriate under K.S.A. 60-211 and therefore award $11,685 in fees.

Affirmed.